### William Boose v. The State.

No. 11363. Delivered February 15, 1928.

**1.—Burglary—Search Warrant—Secondary Evidence—Predicate Insufficient.**

Where appellant's dwelling had been searched by an officer, who testified that he had a search warrant to make the search issued by the justice of the peace, but was unable to find said warrant, and gave no further testimony with reference to its contents, his wife testifying that she was unable to find it, among the papers at the jail and had phoned the justice of the peace and asked him to look for it, this testimony was not a sufficient predicate to authorize admission of oral testimony as to the contents of said search warrant, nor was proof made of such contents.

**2.—Same—Affidavit for Search Warrant—Made Upon Suspicion—Insufficient.**

Where an affidavit for a search warrant to search a dwelling was made on suspicion was not signed by any affiant, and failed to set out any

ground of suspicion or the facts on which the belief was founded, same was insufficient.   See Art. 691, C. C. P., 1925, Chapin v. State, 296 S. W. 1095.

Appeal from the District Court of Titus County.  Tried below before the Hon. R. T. Wilkerson, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*Williams & Williams* of Mt.·Pleasant, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary, punishment fixed at confinement in the penitentiary for a period of two years.

The burglary was proved by direct evidence, but the appellant's connection with it was circumstantial.   It consists almost altogether of testimony of officers who searched the dwelling-house of the appellant and obtained therefrom some articles which were identified as having come from the burglarized premises.   Against the receipt of such testimony, objection was urged that in the absence of valid authority the search was illegal under Arts. 4 and 4a, C. C. P., 1925, and the evidence rendered inadmissible by Art. 727a, C. C. P., 1925.   The officer who made the search testified that he had a search warrant issued by M. M. Smith, Justice of the Peace; that he had the affidavit and was making an effort to find the search warrant. He gave no further testimony with reference to the contents of the search warrant nor its loss.   His wife testified that she had searched for it among the papers at the jail, but had been unable to find it; that she telephoned the justice of the peace and asked him to look for it; that she went to his office to see whether he had found it, and saw him there with the drawers of his desk open, but he said he had not found it.   The justice of the peace did not testify.

The affidavit upon which it was claimed that the search warrant was issued was purported to have been made by J. A. England, but did not bear his signature or that of any other witness.   It was made upon suspicion, but fails to state any ground of suspicion.   It affirmatively appears that a search was made of the home and dwelling place of the appellant and his family.   The statute requires a search warrant for the search of a dwelling to be based upon an affidavit setting out the facts

or information on which the belief is founded.    See Art. 691, C. C. P., 1925; Chapin v. State, 296 S. W. 1095.

In receiving the evidence of the result of the search over the objection of the appellant, the learned trial judge, in the opinion of this court, fell into error.

For the reason stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*