DARRELL JOSEPH HEBERT V. STATE.

No. 25,859. June 4, 1952.
State's Motion for Rhehearing Denied (Without
Written Opinion) June 28, 1952.

Hon. Frank Williford, Jr., Judge Presiding.

*McCullough & Shown,* Houston, for appellant.

*Sam W. Davis,* Criminal District Attorney, *King C. Haynie,* Assistant Criminal District Attorney, both of Houston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted of burglary and assessed a penalty of three years in the penitentiary.

The state depends for conviction upon the admissibility of the fruits of the search of appellant's home, in which they discovered a part of the property taken in the burglary. Objection was raised to this testimony on the ground that the affidavit for the search warrant is not in compliance with law.

After the formal part, the description of the property and the value thereof, the affiant stated further: "* * * that he suspects one Darrell J. Herbert of being the thief of said property, and has good ground to believe and does believe that said property was so stolen, as aforesaid, by him, and that the same is now concealed by the said Darrell J. Herbert in 1018 Bartlett, Apartment #3, * * *." The objection was that the affidavit for the search warrant was based on information and belief. The facts and circumstances upon which the belief was based were not set forth in the affidavit.

Under Article 727a, Vernon's Ann. C.C.P., evidence obtained by unlawful means is not admissible. If the search warrant is invalid the evidence of the fruits of the search in the instant case is not admissible. Apparently the state followed the requirements of Article 311, Vernon's Ann. C.C.P., as originally enacted, and Wilson's Criminal Forms, No. 1106. The state has overlooked the holdings of the court, however, in numerous cases.

Standard v. State, 113 Tex. Cr. R. 600, 21 S.W. 2d 1066, is

an opinion dealing with the same question in exactly the same kind of case. From it we quote: "The affidavit for the search warrant was based upon information and belief. The facts and circumstances upon which the belief was founded were not set forth in the affidavit. Hence the search warrant was invalid, and under the provisions of Article 727a, Code Cr. Proc. 1925, in receiving the evidence of the result of search over proper objection on the part of appellant, the learned trial judge fell into error. Boose v. State, 109 Tex. Cr. R. 56, 2 S.W.(2d) 856."

The question of construction of Article 311, C.C.P., was thoroughly discussed in Chapin v. State, 107 Tex. Cr. R. 477, 296 S.W. 1095, in which the article was held to be inadequate to comply with the provisions of the Constitution. We quote from that opinion: "In the instant case, the search warrant was issued upon the affidavit of two persons stating that 'the affiants have reason to believe, and do believe, that in the house and premises described intoxicating liquors are kept and sold in violation of law.' Exception from unreasonable search is a cherished right, which the makers of the Constitution and the laws have been zealous in guarding and the courts in preserving. A search without probable cause is unreasonable. The search, without warrant, of persons and vehicles has been sanctioned by lawmakers and courts upon the ground of necessity. Such sanction, however, is withheld, unless, in advance of the search, there be evidence of facts showing probable cause. See Battle v. State, 105 Tex. Cr. R. 568, 290 S.W. 763; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L. Ed. 543, 39 A.L.R. 790."

The affidavit for the search warrant is invalid. The search was illegal and the evidence of the fruits of the search is inadmissible.

We note, also, that the affidavit for the search warrant and the search warrant, together with the sheriff's return thereon, were introduced and read in evidence before the jury. We have frequently held that these instruments are hearsay and not admissible for any purpose. Their admission was error.

For the errors discussed, the judgment of the trial court is reversed and the cause is remanded.