**Robert D. CANNADY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 60773.

Court of Criminal Appeals of Texas, Panel No. 2.

June 20, 1979.

William H. Scott, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus, and Connie B. Williams, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, Judge.

## OPINION

DALLY, Judge.

This is an appeal from an order revoking probation.

On April 4, 1977, appellant waived his right to a jury trial and entered a plea of nolo contendere to the offense of possession of a controlled substance, phentermine, an isomer of methamphetamine. Punishment was assessed at imprisonment for five years, but imposition of sentence was suspended and appellant was placed on probation. One of the conditions of his probation was that appellant commit no offense against the laws of this State.

On November 2, 1977, an amended motion to revoke appellant's probation was filed alleging that appellant had committed the offense of possession of methaqualone, a controlled substance, on two occasions: June 24, 1977, and September 30, 1977. On February 17, 1978, after hearing evidence, the trial court revoked appellant's probation and imposed sentence.

Appellant contends that the evidence on which the revocation order is based was unlawfully seized because the search exceeded the scope of the search warrant; the State failed to produce the search warrant pursuant to which the evidence was seized; and the evidence does not support the finding of a probation violation on June 24, 1977.

Officer Leo Correa testified that on September 30, 1977, he and several other Houston police officers went to 6927 Long Point Road in Houston to execute a narcotics search warrant. The building in question was a long, commercial building containing several offices and businesses. Each of these establishments, though contained in a single building, had a separate entrance and bore a separate address.

After unsuccessfully attempting to open or break down the door marked 6927, the officers looked through a plate glass window and saw several men running from 6927 into 6929 through an opening in the wall between the two offices. The officers then entered the building through the door marked 6929. During a search of the premises, a bottle containing twenty-five methaqualone tablets was found in a tool kit belonging to appellant, who was one of the persons present at the time the warrant was executed.

The testimony describing the premises at 6927 and 6929 Long Point Road is confusing, since repeated references are made to diagrams which do not appear in the record on appeal. However, it appears from the testimony of the police and of appellant that 6927 and 6929 were leased by the same person and were being remodeled at the time of the search, and that several partitions separating the various offices and storerooms at the two addresses had been removed. Appellant testified that the tool box in which the contraband was found was located within the premises numbered 6929, but conceded on cross-examination that at the time of the search 6927 and 6929 appeared to be one large room.

■ Where premises sought to be searched are described in the search warrant by a certain street number, such a description will not authorize a search of some other street number. *Ervin v. State*, 165 Tex.Cr.R. 391, 307 S.W.2d 955 (1957); *Harrison v. State*, 149 Tex.Cr.R. 513, 196 S.W.2d 933 (1946); *Balch v. State*, 134 Tex. Cr.R. 327, 115 S.W.2d 676 (1938). However, even if we assume that appellant's tool box

was located within the premises technically designated 6929 Long Point Road, and was thus outside the scope of the search warrant, the search of 6929 was lawful.

 The test to be applied to searches outside the scope of a search warrant is whether the search was unreasonable, since only unreasonable searches are prohibited by the Fourth Amendment of the United States Constitution and Art. I, Sec. 9 of the Texas Constitution. *Long v. State*, 532 S.W.2d 591 (Tex.Cr.App.1975) and cases therein cited. 6927 and 6929 Long Point Road were not separate structures, but adjacent offices within a single building. The partitions between and within 6927 and 6929 had been removed for remodeling, and the area appeared to be one large room. The officers seeking to execute the search warrant for 6927 saw men running from the 6927 area to the 6929 area. Under the circumstances, the search of 6929 Long Point Road was not unreasonable.

The appellant contends the State failed to produce a search warrant at the revocation hearing. When a defendant objects to the court admitting evidence on the ground that it was unlawfully seized and the State relies on a search warrant, in the absence of a waiver, reversible error will result unless the record reflects that the warrant was exhibited to the trial judge. *Vines v. State*, 397 S.W.2d 868 (Tex.Cr.App. 1966); *Brown v. State*, 166 Tex.Cr.R. 322, 313 S.W.2d 297 (1958); *Blackburn v. State*, 145 Tex.Cr.R. 384, 168 S.W.2d 662 (1943); *Skiles v. State*, 109 Tex.Cr.R. 6, 2 S.W.2d 436 (1928); and see *Fletcher v. State*, 171 Tex.Cr.R. 74, 344 S.W.2d 683 (1961). However, if defense counsel desires a review of the search warrant and affidavit on appeal, it is necessary for him to offer for the record on a bill of exception copies of the search warrant and of the affidavit. *Broussard v. State*, 166 Tex.Cr.R. 224, 312 S.W.2d 664 (1958); *Doby v. State*, 383 S.W.2d 418 (Tex.Cr.App.1964). The affidavit and warrant are hearsay and generally are not admissible before the jury. *Figueroa v. State*, 473 S.W.2d 202 (Tex.Cr.App. 1971); *Hebert v. State*, 157 Tex.Cr.R. 504, 249 S.W.2d 925 (1952).

The appellant's contention is without merit. Although the warrant was not admitted in evidence, the transcript of the court reporter's notes reflects that Officer Correa identified State's Exhibits 3 and 4 as certified copies of the warrant and supporting affidavit. This shows they were exhibited to the trial judge. The record includes a copy of the affidavit and a portion of the search warrant.

Appellant's contention that there is no evidence to support the finding that he violated the conditions of his probation on June 24, 1977, is well taken. The evidence adduced at the revocation hearing relates solely to the search and subsequent seizure of the methaqualone on September 30, 1977. The judgment is reformed to delete the finding that appellant violated the conditions of his probation by possessing methaqualone, a controlled substance, on June 24, 1977. Art 44.24(b), V.A.C.C.P.; *Pickett v. State*, 542 S.W.2d 868 (Tex.Cr.App.1976); *Hancock v. State*, 491 S.W.2d 139 (Tex.Cr. App.1973).

The trial court did not abuse its discretion in revoking appellant's probation. As reformed, the judgment is affirmed.