IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-641-CR




PHILLIP RAY WHITESIDE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT



NO. 91-229, HONORABLE FRED A. MOORE, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of possessing more than four ounces but no more than
five pounds of marihuana. Texas Controlled Substances Act, Tex. Health & Safety Code Ann.
§ 481.121 (West 1992). The jury assessed punishment at incarceration in a community
correctional facility for one year and a $1000 fine, probated. Appellant contends the evidence is
not sufficient to support the conviction and that his motion to suppress evidence was erroneously
overruled. We will affirm.

 On August 6, 1991, a reliable informer told Caldwell County deputy sheriff Mark
Hanna that marihuana was being grown on property belonging to appellant and his wife, Cathy
Whiteside, two miles south of Dale on County Road 164, in rural Caldwell County. Hanna was
acquainted with the area and knew the owner of the property neighboring the Whitesides. Hanna
drove to this location, entered onto the adjoining property, and walked to the Whiteside's fence
line. (1) He saw what he knew from his training and experience was marihuana growing along the
fence, on the Whiteside property.

 Hanna gave this information to another deputy, Robert Lewis. The next day,
Hanna, Lewis, and two other officers flew over the suspect property in a Department of Public
Safety helicopter. After seeing marihuana plants from the air, Lewis returned to his office and
executed the search warrant affidavit challenged in appellant's motion to suppress and in his first
point of error. The dispute concerns the affidavit's description of the suspect property, which
reads:


A tan double wide mobile home with a brown roof, fenced yard, with numerous
out buildings on the property which is located at Route 1 Box 24A, Dale, Caldwell
County, Texas. See map on attachment A.



Attachment A was a map drawn by Lewis and attached to the affidavit. It is shown in the
appendix to this opinion. The warrant authorized the search of the property described in the
affidavit.

 The evidence at the suppression hearing establishes that the mailing address for the
house on County Road 164 was not Route 1, Box 24A, but was instead Route 2, Box 529. (2) 
Appellant moved to suppress the evidence seized pursuant to the warrant on the ground that the
property searched was not the property described in the affidavit and authorized to be searched
by the warrant. In his brief, appellant relies on the rule that when the premises to be searched are
described in the search warrant by a certain street number, the warrant does not authorize the
search of premises having a different street number. Cannady v. State, 582 S.W.2d 467, 468
(Tex. Crim. App. 1979).

 A search warrant must describe the place to be searched. Tex. Code Crim. Proc.
Ann. art. 18.04 (West 1977). The description is sufficient if it permits the officers executing the
warrant, with reasonable effort, to locate that place and distinguish it from other places in the
community. Bridges v. State, 574 S.W.2d 560, 562 (Tex. Crim. App. 1978); Olivas v. State, 631
S.W.2d 553, 556 (Tex. App.--El Paso 1982, no pet.). An error in the description of the property
will not vitiate the warrant if the warrant otherwise sufficiently describes the place to be searched. 
Etchieson v. State, 574 S.W.2d 753, 759 (Tex. Crim. App. 1978).

 This cause is distinguishable from Cannady and other cases involving incorrect
street addresses because, as the letter-carrier called by appellant at the suppression hearing
testified, "Route 1, Box 24A" is not a street address. It is a mailing address that describes a
particular mailbox on a particular rural postal route, and is more akin to "Box 12547, Capitol
Station" than it is to "209 West 14th Street." Moreover, the mailing address was not the only,
or even the principal, description of the property to be searched contained in the affidavit and
incorporated in the warrant. The map drawn by Lewis precisely describes the location of the
property. Appellant urges that the map does not clarify the description of the property because
"[t]here is no `X marks the spot,' no arrow pointing to a place and labeled `Whiteside property,'
or any other indicia of where on the map the property is." We must give affidavits and warrants
a common-sense interpretation, however, and we believe that any person examining the map
would immediately understand that the unlabeled box indicates the property to be searched. Upon
arrival at this location, a cautious officer could confirm that he had found the place to be searched
by looking for the tan double-wide mobile home with a brown roof. We hold that the description
of the property was sufficient to enable a reasonably prudent officer to locate the property to be
searched and to distinguish it from all other places in the community, despite the presence of the
incorrect mailing address. See State v. James, 848 S.W.2d 258 (Tex. App.--Beaumont 1993, no
pet.). 

 Appellant also urges under this point of error that the motion to suppress should
have been granted because the affidavit does not contain facts giving probable cause to believe he
owned or controlled the property on which the marihuana was located. This contention was not
made in the motion to suppress, but was raised during appellant's closing argument at the
suppression hearing. Assuming the contention was preserved for review, it is without merit. 
Probable cause to believe appellant owned the property was not a requisite for issuance of the
search warrant. Winkles v. State, 634 S.W.2d 289, 298 (Tex. Crim. App. 1982) (dissenting
opinion adopted on motion for rehearing); Mayfield v. State, 800 S.W.2d 932, 935 (Tex.
App.--San Antonio 1990, no pet.); see Cleveland v. State, 588 S.W.2d 942, 945 (Tex. Crim. App.
1979). Point of error one is overruled.

 Appellant's second point of error challenges the legal sufficiency of the evidence. 
See Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App.
1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). While conceding the State
proved at trial that the property on which the marihuana plants were growing belonged to him and
his wife, appellant urges that there is no evidence he was ever on the property or ever exercised
care, custody, or control over the marihuana.

 The police officers executing the search warrant found twenty marihuana plants up
to six feet tall growing in three locations within fifty feet of the trailer house: next to the fence
surrounding the mowed yard, near a storage shed in which a motorcycle was parked, and in a pot
sitting in the middle of the back yard. Cathy Whiteside arrived during the search and was
arrested. She unlocked the trailer house, in which the officers found the remains of smoked
marihuana cigarettes, a small amount of loose marihuana, and pill bottles containing marihuana
seeds. One of these bottles bore a prescription in appellant's name. Mail addressed to appellant
was found inside the house, as were a pay statement from the Austin fire department in appellant's
name dated July 31, 1991, and photographs of appellant wearing a fire department uniform. 

 The jury was shown a videotape of the search made by one of the officers. It is
obvious from the tape that the house was occupied, as food, furniture, clothing, and other personal
items can be seen. An Austin fire department uniform was hanging in the closet of the master
bedroom. Also in evidence was appellant's voter registration application, in which he described
the location of his residence as "2 mi. south of Dale P.O. on C.R. 164." 

 Appellant was not present during the search. After the search was completed and
the officers were leaving with appellant's wife in custody, appellant was seen driving toward the
house on the county road leading to the property. Appellant was stopped by the officers. As he
got out of his car, appellant said, "It's my marihuana, it's my marihuana." Another officer
remembered appellant's words as, "The marihuana was mine, it was not hers, it belongs to me."

 From appellant's ownership of the property, his obvious residence in the house near
which the marihuana plants were openly growing, and the presence of marihuana seeds in a bottle
belonging to appellant, the jury could rationally conclude beyond a reasonable doubt that appellant
exercised care, control, and management over the marihuana. From appellant's statement to the
officers upon his arrest, the jury could rationally find that he knew the substance he possessed was
contraband. Point of error two is overruled. 

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: April 13, 1994

Do Not Publish




APPENDIX


1. One of the contentions made by appellant in his first point of error is that the motion to
suppress evidence should have been granted because Hanna trespassed on appellant's property. 
This contention was neither raised in appellant's motion to suppress nor presented to the district
court at the hearing on the motion, and therefore was not preserved for review. Tex. R. App. P.
52(a).
2. Lewis testified that when he returned to his office to draw up the affidavit, he called the
postmaster in Dale and asked for the Whitesides' address. The postmaster gave him the address
shown in the affidavit. The evidence reflects that this was the Whitesides' former address.