IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-1220-04






DEJUAN JERMAINE HANDY, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY






 Holcomb, J., delivered the opinion of the Court, in which Keller, P.J., and Price,
Womack, Johnson, Keasler, and Cochran, JJ., joined. Hervey, J., concurred in the
result. Meyers, J., did not participate. 

 


 The question presented in this case is whether the court of appeals erred in upholding the trial
court's denial of appellant's motion to suppress. We hold that the court of appeals did not err.

 Our discussion begins with a review of the relevant facts. On January 9, 2003, a Harris
County grand jury returned an indictment that charged appellant with aggravated robbery under
Texas Penal Code § 29.03(a)(2). On March 21, 2003, appellant filed a boilerplate motion to
suppress any evidence obtained during a search of his residence allegedly conducted by the Houston
Police Department on October 24, 2002, the day of his arrest. In his motion, appellant argued in very
general terms that the search violated his rights under the Fourth Amendment to the United States
Constitution and Article I, § 9, of the Texas Constitution because the search was conducted pursuant
to a defective warrant, but appellant gave no factual or legal particulars as to why the warrant was
defective.

 On May 21, 2003, the State brought appellant to trial before a petit jury on his plea of not
guilty. At the guilt stage of trial, the State presented six witnesses and several exhibits . Appellant
then presented three witnesses to prove up an alibi. In rebuttal to appellant's alibi evidence, the State
offered the testimony of a federal law-enforcement agent who allegedly participated in a search of
a "drug house" in Houston on October 24, 2002. The State explained to the trial court that the
federal agent would testify that appellant was arrested (1) in the drug house and was at that time "in
possession of a gun that matched the description [of the handgun] used in the robbery." Before the
federal agent could testify, appellant urged his written motion to suppress and argued, again in very
general terms, that the federal agent's testimony should be suppressed as the fruit of an illegal search. 
Appellant's argument proceeded as follows:

 We feel that [appellant's] constitutional rights were violated [during the
search] as listed in our motion to suppress. As the court is well aware, once a motion
to suppress has been filed with the court, then the burden of proof goes to the State
of Texas to present evidence that the warrant - that the search warrant that was
actually issued by a neutral magistrate in this particular case, was a warrant that was
done within the constitutional rights of the defendant.

 This particular witness [i.e., the federal agent] cannot testify to whether or not
that was done and cannot testify as to whether or not the information that was used
to get this warrant was actually information that was credible, that was not stale
and/or that he cannot testify to any of the information that was gained in the affidavit
which would meet the State's burden as to being able to present credible evidence to
this court that a search warrant that was used to enter the house where the defendant
was arrested, where this gun was allegedly found, would be admissible in court due
to the fact that they have not been able to meet their burden with that.

 And under the fruit of [the] poisonous tree doctrine, anything - I believe that
anything that has been found as a result of an illegal search warrant should not be
admissible in this case-in-chief.


Neither appellant nor the State presented any evidence on the motion to suppress.


 After hearing appellant's argument, the trial court denied his motion to suppress and allowed
the federal agent to testify. Appellant then took the stand in rebuttal and testified regarding, among
other things, his possession of "a weapon" at the time of his arrest. The jury later found appellant
guilty as charged in the indictment. The trial court assessed his punishment at imprisonment for 35
years.

 On direct appeal, appellant argued that the trial court erred in denying his motion to suppress
and in admitting the federal agent's testimony regarding appellant's possession of a handgun. More
specifically, appellant argued that "since the State intended to justify the search on the basis of a
warrant, it [was] incumbent upon the State to produce the warrant for inspection [by] the trial court
for determination of [the warrant's] sufficiency." Since the State failed to produce the warrant,
appellant's argument continued, the trial court erred in denying his motion to suppress.

 On July 8, 2004, the First Court of Appeals rejected appellant's argument, upheld the trial
court's denial of appellant's motion to suppress, and affirmed the trial court's judgment of
conviction. Handy v. State, No. 01-03-00562-CR (Tex.App.-Houston [1st Dist.] 2004) (not
designated for publication). The court of appeals gave two reasons for its rejection of appellant's
argument. The court of appeals explained first that "[w]hen the existence of [a search] warrant is
recognized in a motion to suppress, there is uncontradicted testimony that a [search] warrant existed,
and there is no objection to its validity on its face, as in the present case, it is not necessary for the
record to show that the warrant was exhibited to the court." Id. at 6. The court of appeals explained 
secondly that "the issue of whether there was a valid search and seizure was . . . waived" because
"appellant, in his own defense, on direct examination, testified about owning the handgun." Id. at
7-8.

 On May 4, 2005, we granted appellant's petition for discretionary review in order to
determine whether the court of appeals erred in upholding the trial court's denial of appellant's
motion to suppress. In his brief to this Court, appellant continues to insist that "[i]f the State intends
to justify [a] search . . . on the basis of a warrant, it is incumbent on the State to produce the warrant
and its supporting affidavit for inspection by the trial court." Appellant argues further that in such
a situation, "in the absence of a waiver, reversible error will result unless the record reflects that the
warrant was exhibited to the trial judge." With respect to the court of appeals' two reasons for
denying him relief, appellant argues two points: first, that, contrary to the court of appeals' assertion,
his motion to suppress did attack the search warrant's facial validity, and, second, that his own
testimony concerning the handgun did not "waive" the issue of whether there was a lawful search
"because his own testimony was necessary to refute the [federal agent's testimony]."

 We have held that "[w]hen a defendant objects to the [trial] court admitting evidence on the
ground that it was unlawfully seized and the State relies on a search warrant, in the absence of a
waiver, reversible error will result unless the record reflects that the warrant was exhibited to the trial
judge." Cannady v. State, 582 S.W.2d 467, 469 (Tex.Crim.App. 1979). See also Miller v. State, 736
S.W.2d 643, 648 (Tex.Crim.App. 1987) (rule also applies to affidavit supporting warrant). As
Professors Dix and Dawson have explained, the rationale for this rule

 "rests on the assumption that the State has more ready access to the documents at
issue and thus can most easily comply with a requirement for production. When the
existence or terms of those documents becomes crucial to the hearing, then the State
is more fairly given the obligation of making them available. This permits the court
to test the reasonableness of the State's reliance upon them and facilitates any attack
upon their sufficiency the defendant may wish to mount."


G. Dix & R. Dawson, 42 Tex. Prac., Criminal Practice and Procedure § 29.111 (2d ed. 2001). 
Furthermore,

 "[t]he basis for and formulation of the rule suggests that the State's duty [to exhibit
the warrant and its supporting affidavit] does not arise until . . . the defendant fulfills
his initial burden of producing evidence and convincing the court that the evidence
at issue was obtained by a search or seizure, that he has standing to contest that
action, and that the police action was without a warrant or was otherwise on its face
unreasonable. Only when the analysis progresses to the warrant and supporting
affidavit should the State have the duty of producing those documents."


Id. at § 29.112 (emphasis added).

 In the instant case, appellant never established his standing to challenge the search in
question, i.e., he never established that he personally had a reasonable expectation of privacy in the
premises that were searched. See Kothe v. State, 152 S.W.3d 54, 59 (Tex.Crim.App. 2004) (standing
under Fourth Amendment); Richardson v. State, 865 S.W.2d 944, 948-949 (Tex.Crim.App. 1993)
(standing under Article I, § 9). (2) Although appellant asserted in his boilerplate motion to suppress
that his residence was the place searched, he presented no proof of such claim to the trial court. In
addition, appellant never established that the search in question was on its face unreasonable. Under
these circumstances, the State had no duty to exhibit the search warrant and its supporting affidavit
to the trial court.

 We hold that the court of appeals did not err in rejecting appellant's argument and in
upholding the trial court's denial of appellant's motion to suppress. We affirm the judgment of the
court of appeals.


DELIVERED APRIL 12, 2006

PUBLISH
1. The record is not entirely clear on this point, but it appears that during the search of the
"drug house," appellant was detained after "he was found in possession of a firearm" and was
subsequently arrested on the basis of an outstanding arrest warrant.
2. In Russell v. State, 717 S.W.2d 7, 9 fn. 6 (Tex.Crim.App. 1986), we stated that "[a]
mere allegation by a defendant that he was a victim of an illegal search or seizure, if not disputed
by the State, is sufficient to establish standing to challenge a search or seizure." That statement
is in conflict, however, with holdings of the United States Supreme Court and of this Court to the
effect that a defendant seeking to suppress evidence obtained during a search always has the
burden of proving standing to complain of the search. See, e.g., Rawlings v. Kentucky, 448 U.S.
98, 104 (1980); Rakas v. Illinois, 439 U.S. 128, 139 (1978); Kothe v. State, 152 S.W.2d 54, 59
(Tex.Crim.App. 2004); State v. Klima, 934 S.W.2d 109, 110-111 (Tex.Crim.App. 1996). 
Consequently, we now disavow the aforementioned statement in Russell.