Opinion issued December 21, 2006












In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01048-CR






ZONA JOSHUA NATHANIEL LEGGETT, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 47493






MEMORANDUM OPINION

 Appellant Zona Joshua Nathaniel Leggett was convicted by a jury of murder. 
See Tex. Pen. Code Ann. § 19.02(a)-(c) (Vernon 2003). The trial court found that
appellant used a deadly weapon in committing the offense, and the jury assessed
punishment at 55 years imprisonment and a $10,000.00 fine. Appellant brings two
points of error, alleging the trial court erred (1) in denying his motion to suppress and
(2) not allowing appellant to cross-examine the victim's father during the punishment
phase. We affirm.

 In point of error one, appellant claims the trial court erred in denying his
motion to suppress the evidence obtained as a result of his arrest because the arrest
warrant and the underlying affidavit were not produced. Appellant filed his motion
to suppress, challenging both his arrest and the search of the motel room where a
shotgun, revolver, and semiautomatic handgun were found. The motion states, "That
the arrest and search of Defendant and the seizure of items, papers and effects from
him were effected without valid warrant or probable cause or reasonable suspicion." 
The motion contains no specific challenge to the arrest warrant, but this bare
statement is sufficient to initially preserve error. See Eisenhauer v. State, 754 S.W.2d
159, 161 (Tex. Crim. App. 1988), overruled on other grounds by Heitman v. State,
815 S.W.2d 681, 690 (Tex. Crim. App. 1991) .

 At the suppression hearing, Brazoria County Sheriff's Department Officer
James Rogers testified about the existence of an arrest warrant, but the sufficiency of
the underlying affidavit for the warrant was not questioned. The evidence and
argument at the suppression hearing focused on the sufficiency of the search warrant,
not the arrest warrant and affidavit. In fact, the trial court's oral ruling went only to
the search warrant: "Okay. I'll overrule the objection to -- on the search. I find the
search is good." The trial court did sign a written order denying the entire motion to
suppress, but at the suppression hearing appellant did not argue the lack of evidence
to support issuance of the arrest warrant.

 On appeal, appellant argues that because the State did not produce the arrest
warrant and underlying affidavit at the suppression hearing, this Court must treat the
arrest as warrantless. We agree that the State generally has a duty to produce
warrants and affidavits at suppression hearings. See Cannady v. State, 582 S.W.2d
467, 469 (Tex. Crim. App. [Panel Op.] 1979). This duty only arises, however, once
the defendant meets his initial burden to rebut the presumption of proper police
conduct by proving that the police seized him without a warrant. Russell v. State, 717
S.W.2d 7, 9 (Tex. Crim. App. 1986); Taylor v. State, 945 S.W.2d 295, 297-98 (Tex.
App.--Houston [1st Dist.] 1997, pet. ref'd). After reviewing the record of the
suppression hearing, it appears to us that appellant abandoned any complaint
regarding the sufficiency of the arrest warrant, choosing instead to contest the search
warrant. In any event, appellant neither put on evidence that the arrest was
warrantless nor directly challenged the sufficiency of the underlying affidavit. Under
these circumstances, we hold that appellant waived his objection to the sufficiency
of the arrest warrant at the suppression hearing. We overrule point of error one.

 In point of error two, appellant claims the trial court erred in not allowing
appellant to cross-examine the victim's father during the punishment phase to rebut
certain victim-impact testimony. Specifically, appellant sought to ask the victim's
father if the father knew (1) that his son "was going to Rick's Cabaret" and (2) that
his son's truck was driven by another person who was arrested for possession of
cocaine. (1) After the trial court sustained the State's objections, appellant made a bill
of exceptions as follows:

 Do you know -- I think it's already been established that you know
Raymond Ruiz or Fat Stuff. Did you know that he had been arrested for
possession of cocaine as well as a large amount of ecstasy while he was
driving Paul's [the victim's] pickup that's titled in your wife's name?

 Did you know that he was -- strike that.

 Did you know that Paul's roommate, Max Funderburk, had been
arrested and convicted of possession of a controlled substance?

 That would --

The trial court interrupted and explained the reason for its ruling before the victim's
father answered appellant's questions, and appellant did not object to the lack of any
answer from the victim's father before the hearing on the bill of exceptions was
concluded.

 We hold that appellant has waived error because the victim's father did not
testify during the bill of exceptions. The questions from appellant's lawyer are not
evidence; only a response from a witness would be evidence. We note, however, that
the record shows the jury heard testimony during the guilt-innocence phase that the
victim went to Rick's Cabaret two to three times a week.

 We also note that appellant waived any complaint about the question "Did you
know that he [Ruiz] had been arrested for possession of cocaine as well as a large
amount of ecstasy while he was driving Paul's [the victim's] pickup that's titled in
your wife's name?" for an additional reason. At a bench conference, the trial court
indicated that appellant would be allowed to ask the victim's father "whether or not
he knew this other guy [Ruiz] and did he know that he was a friend of his son's, and
then did he -- then you can ask did he know that he was blah, blah, blah." The trial
court continued, 

 As far as association with this Ruiz guy, unless there is some -- I don't
know that by proving that Ruiz was a drug dealer or that he knew that,
that that would tie it back at this point. I think what you need to do is
ask a general character -- pertinent character trait first; and if he agrees
with it, you got what you wanted. If he doesn't, if he disagrees with it,
then you can inquire as to his knowledge of this Ruiz guy and what he
knows about him and whether they were friends and whether they
worked together, whether he allowed him to drive his pickup, that kind
of thing.

Appellant did not attempt to question the victim's father concerning Ruiz as the trial
court allowed. We overrule point of error two.

 We affirm the judgment.



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings, and Higley.

Justice Jennings concurring.

Do not publish. Tex. R. App. P. 47.2(b).
1. On appeal, appellant also contends the trial court did not allow him to cross-examine the victim's father concerning his knowledge of Max Funderburk's arrest
and conviction for possession of a controlled substance. Appellant never asked this
question before the bill of exceptions hearing, so there is no error to challenge on
appeal.