Affirmed and
Opinion filed March 1, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00138-CR

NO. 14-10-00139-CR

NO. 14-10-00140-CR

NO. 14-10-00141-CR

NO. 14-10-00142-CR

NO. 14-10-00143-CR

NO. 14-10-00145-CR

NO. 14-10-00146-CR

                                                                 ____________                                                                 

 

JOE LOUIS BOGANY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause Nos. 1168760, 1205430,
1205429, 1205428,

1205427, 1205426, 1168761, 1205423

 

 

 



M E M O R
A N D U M   O P I N I O N

            In a single trial, a jury convicted appellant of eight cases
of possession of child pornography.  The jury sentenced appellant to
confinement for fifteen years in the Institutional Division of the Texas
Department of Criminal Justice in each case, to run concurrently.  Appellant brings
this appeal raising three issues.  We affirm.

In his first issue appellant contends the trial court erred
in overruling his motion to suppress.  Appellant filed identical motions to
suppress in each case alleging the search warrant was illegally obtained.  Citing
Canady v. State, 582 S.W.2d 467 (Tex. Crim. App. 1979), appellant
asserts the motions should have been granted because the record does not
reflect the search warrant or supporting affidavit was exhibited to the trial judge. 
In Canady, the Court of Criminal Appeals noted that “[w]hen a defendant
objects to the court admitting evidence on the ground that it was unlawfully
seized and the State relies on a search warrant, in the absence of a waiver,
reversible error will result unless the record reflects that the warrant was
exhibited to the trial judge.”  Id. at 469.  Canady also provides
that to bring a complaint on appeal regarding the search warrant and affidavit,
the defendant must offer for the record on a bill of exception copies of the
search warrant and of the affidavit.  Id.   

Appellant relies upon an excerpt from Gant v. State,
649 S.W.2d 30, 33 (Tex. Crim. App. 1983), to evade this requirement.  Gant states
“. . . there is no showing in the record before the Court that the purported
Lampasas County arrest warrant was ever exhibited to the trial judge.  Thus,
the corollary rule - that if appellant desires an appellate review of the
warrant and supporting affidavit, if any, he must offer a copy thereof for the
record - never came into play in the case at bar.”  Id.  In Gant,
the admission of evidence was objected to on grounds it was tainted by a warrantless
arrest and the State relied upon an arrest warrant.  Id.  The court held
that under those circumstances, “in the absence of waiver, reviewable error
will result unless the record reflects that the arrest warrant was exhibited to
the trial judge for a ruling.”  Id.

Gant is distinguishable from the case at bar.  When the motions
to suppress were heard, the trial court stated, “I’ve read the affidavit and
I’m denying your motion to suppress.”  Defense counsel then asked the Court “to
consider the affidavit in light of the issuance of the warrant. . .”  Defense
counsel argued the affidavit failed to describe “that any person saw child
pornography on [appellant’s] computers before the issuance of a warrant.”  The
motions to suppress challenged the search incident to appellant’s arrest “when
a warrant was obtained. . .”  Officer Susan C. McAllister testified she
executed a search warrant regarding appellant.  

Appellant objected on the merits to the warrant and the
affidavit and recognized the existence of a search warrant.  It was therefore
incumbent upon appellant to ensure they were included in the appellate record. 
See Underwood v. State, 967 S.W.2d 925, 927-28 (Tex. App. – Beaumont
1998, pet. ref’d).  When the existence of the warrant is recognized in a motion
to suppress and there is uncontradicted testimony that a warrant existed, it is
not necessary for the record to show the warrant was exhibited to the court,
unless there is an objection to its validity on its face.  Ortega v. State,
464 S.W.2d 876, 878 (Tex. Crim. App. 1971).  Because the affidavit and search
warrant were never introduced into evidence or proven up by way of bill of
exception, nothing is presented for our review.  See Rumsey v. State,
675 S.W.2d 517, 519-20 (Tex. Crim. App. 1984); Swain v. State, 661
S.W.2d 125 (Tex. Crim. App. 1983); and Dusek v. State, 467 S.W.2d 270
(Tex. Crim. App. 1971).  Appellant’s first issue is overruled.

            In his second and third issues, appellant claims the evidence
is legally and factually insufficient to support the jury’s verdicts.  The Texas Court of Criminal Appeals recently determined that
the Jackson v. Virginia[1]
standard is the only standard a reviewing court should apply to determine
whether the evidence is sufficient to support each element of a criminal
offense the State is required to prove beyond a reasonable doubt.  See
Brooks v. State, 323 S.W.3d 893, 894 (Tex. Crim. App. 2010) (plurality op.). 
Accordingly, under current Texas law, in reviewing appellant’s issues we apply
the Jackson v. Virginia standard and do not separately refer to legal or
factual sufficiency.  

We view all of the evidence in the light most favorable to
the verdict to determine whether the jury was rationally justified in finding
guilt beyond a reasonable doubt.   Brooks, 323 S.W.3d at 902.  We do not
sit as a thirteenth juror and may not substitute our judgment for that of the
fact finder by re-evaluating the weight and credibility of the evidence.  Id.
at 901; Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999);
see also Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  We
defer to the fact finder’s resolution of conflicting evidence unless the
resolution is not rational.  Brooks, 323 S.W.3d at 907.  We defer to the
jury’s determinations of the
witnesses’ credibility and the weight to be given their
testimony because the jury is the sole judge of those
matters.  Id. at 899.  Our duty as a reviewing court is to ensure the
evidence presented actually supports a conclusion that the defendant committed
the crime.  Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App.
2007).  

Appellant first claims the evidence failed to establish the
images in question actually constitute child pornography as defined by statute. 
See Tex. Pen. Code §§ 43.25(a)(2), (g), and 43.26(a) (West 2003 &
Supp. 2009).  Appellant was charged with possessing three categories of child
pornography: (1) lewd exhibition of the female breast of a child younger than 18
years;[2] (2) lewd exhibition of the genitals
of a child younger than 18 years;[3] and (3) visual depiction of a child
under the age of 18 years engaging in deviate sexual intercourse, specifically
oral sex.[4]  We consider each category in turn.

Lewd exhibition of the female breast
of a child younger than 18 years

Appellant argues the photographs do
not show a lewd exhibition of the child’s breast.[5]  In determining whether a visual
depiction of a child’s breast constitutes a lewd exhibition, we consider
whether (1) the focal point of the visual depiction is the breast, (2) the place
or pose of the child in the photograph is sexually suggestive, (3) the child is
depicted in an unnatural pose or inappropriate attire, (4) the child is fully
or partially clothed or nude, (5) the visual depiction suggests sexual coyness
or a willingness to engage in sexual activity, or (6) the visual depiction is
intended or designed to elicit a sexual response in the viewer.  See Tovar
v. State, 165 S.W.3d 785, 791 (Tex. App. – San Antonio 2005, no pet.); and Alexander
v. State, 906 S.W.2d 107, 110 (Tex.App.-Dallas 1995, no pet.).  

State’s Exhibit 2 depicts four girls, completely nude. 
Another girl’s face, a girl’s arm, and the lower half of two nude boys are also
shown.  State’s Exhibit 6 shows a girl, completely nude, with her hands on the
back of her hips, hair pulled back, with a pouting look on her face.  State’s
Exhibit 7 shows a completely nude girl kneeling on the floor.  State’s Exhibit
8 depicts a girl standing completely nude, with her hands on top of her head,
chest thrust forward.

In considering
the factors noted above, the focal point of the visual depictions is the girls’
breasts. The girls’ poses are sexually suggestive. The girls are completely
nude and are depicted in unnatural poses.  Most of the visual depictions
suggest sexual coyness or a willingness to engage in sexual activity.  The
images appear to be intended or designed to elicit a sexual response in the
viewer.  We therefore
hold the evidence is legally sufficient for a rational trier of fact to find the
photographs show lewd exhibitions of the female breast of a child.

Lewd exhibition of the genitals of a
child younger than 18 years

Appellant argues the photographs do
not show a lewd exhibition of the child’s genitals.[6]  In determining whether a
visual depiction of a child’s genitals constitutes a lewd exhibition, we
consider whether (1) the focal point of the visual depiction is the genitals,
(2) the place or pose of the child in the photograph is sexually suggestive, (3)
the child is depicted in an unnatural pose or inappropriate attire, (4) the
child is fully or partially clothed or nude, (5) the visual depiction suggests
sexual coyness or a willingness to engage in sexual activity, or (6) the visual
depiction is intended or designed to elicit a sexual response in the viewer.  See
Tovar, 165 S.W.3d at 791; and Alexander v. State, 906 S.W.2d at 110.

            State’s Exhibit 1 shows a young girl in a bathing suit.  The
lower part of the suit is a short skirt, with no bottom.  The girl is leaning
back on her hands, with her feet under her buttocks, so that her genitals are
prominently displayed.  In the top left-hand corner of the picture is a logo
with the words “SEXY ANGELS.”  Appellant claims “[w]hile her legs are spread
the genitals do not appear visible and are partly obscured by the water.”  The
water is crystal clear and in no way obscures the child’s genitals.  In State’s
Exhibit 4, a young girl is standing completely nude.  Her arms are crossed over
her chest and her genitals are exposed.  

In considering the factors noted above, the focal points in
the photographs are the genitals of the girls. The poses are sexually
suggestive.  One of the girls is completely nude and the other is only
partially clothed.  Both girls are depicted in unnatural poses and one is in inappropriate
attire.  The visual depictions suggest sexual coyness or a willingness to
engage in sexual activity and appear to be intended or designed to elicit a
sexual response in the viewer.  We therefore hold the evidence is legally
sufficient for a rational trier of fact to find the photographs show lewd
exhibitions of the genitals of a child.

Visual depiction of a child under the age of 18 years

engaging in deviate sexual intercourse

 

            Appellant does not dispute that both photographs depict a
girl engaging in deviate sexual intercourse, specifically oral sex.[7]  Rather, appellant claims that no
rational trier of fact could have found beyond a reasonable doubt the girls
were under the age of eighteen.  We disagree.  

Section 43.25(g) of the Penal Code provides, in pertinent
part:

When it becomes necessary for the purposes of this
section or Section 43.26 to determine whether a child who participated in
sexual conduct was younger than 18 years of age, the court or jury may make
this determination by any of the following methods:

 . . .

(2) inspection of the photograph or motion picture
that shows the child engaging in the sexual performance; 

(3) oral testimony by a witness to the sexual performance
as to the age of the child based on the child's appearance at the time; 

. . .

Tex. Pen. Code § 43.25(g).  The jury inspected the photographs.  Our
inspection of the photographs does not support appellant’s claim that no
rational trier of fact could have found the girls to be under 18 years of age. 
Moreover, Officer J.T. Roscoe testified State’s Exhibit 5 is a depiction of a
child performing oral sex on a male sexual organ and upon reviewing State’s
Exhibit 3, Sergeant Lynn Thomas White testified she saw “a girl that looks like
she’s under 18 performing oral sex.”  We therefore conclude the evidence is
legally sufficient for a rational trier of fact to find the photographs are a
visual depiction of a child under the age of 18 years engaging in deviate
sexual intercourse.

            For these reasons, we reject appellant’s claim the evidence
failed to establish the images in question constitute child pornography.  

Appellant’s second challenge regarding the sufficiency of the
evidence is that the State failed to prove he knowingly possessed those items. 
Specifically, appellant asserts the State did not prove his connection with the
images was more than fortuitous.   Appellant points to the fact that he was not
the exclusive occupant of the premises and other persons were allowed to use
his computers.

The record reflects four computers were taken from
appellant’s home.  One of the computers had a password-protected user folder
for appellant.  Multiple images were deliberately downloaded to the picture
folder in appellant’s user profile.  Over 800 images of child pornography and over
2600 images of child erotica were found on the computer and the majority of
those images were in the picture folder under appellant’s password-protected
profile.  There were many “favorites” saved under appellant’s user profile that
linked to sexually explicit websites containing child pornography.  There were
images on appellant’s computer from four different series that had been
identified by the National Center for Missing and Exploited Children as being
child pornography.  The images found on appellant’s computer were collected for
over a year.  There was testimony that finding actual child pornography is very
difficult and to amass a collection the size found on appellant’s computer
would require daily access and a consistent effort.

Appellant had created different profiles on the computer for
guests and his wife but testified that if he was already logged on in his user
name, he would let others use his computer without logging on again.  Appellant
denied that all of the “favorites” linking to pornography sites were saved by
him on his user profile.  Appellant testified all of his computers had been
infected with viruses.  He also testified he had never seen the images that
were shown in court.  Appellant said he did not have an explanation for the
images downloaded on his computer, “but it could have been a virus.”

Lieutenant Matthew Gray, commander of the Internet Crimes
Against Children Task Force for the Houston Region, testified he had never
found a virus that actually downloaded child pornography to someone else’s
computer.  In the last year alone, Gray had conducted approximately 320
investigations and had never investigated a case where a virus was to blame.  Gray
testified a collection the size of the one on appellant’s computer was large
enough to be obvious to the owner of the computer.

Police also recovered videotapes of girls at the pool in
front of appellant’s apartment. Appellant’s voice is heard on the tape but he
denied being the one operating the camera.  Appellant did not know who was
operating the camera.  The girls being videotaped were under the age of eighteen,
many of them pre-pubescent.  The video zoomed in on the front genital area,
buttocks, and breasts.  Additionally, there was a videotape of appellant posing
a girl, aged ten to eleven.  He pushed up her skirt and placed a teddy bear in
her crotch. 

Police also recovered a print-out of a chat log containing a
sexually explicit conversation between “Lou Bog 2004,” supposedly a
sixteen-year old boy, and “Linda Melissa,” purportedly a fourteen-year old
girl.  Appellant admitted his screen name was “Lou Bog 2004” but denied
chatting with people under the age of eighteen and lying about his age.  Appellant
also testified he had never seen the print-out.

Chayene Bailey testified that in March 2008, when she was
eleven, she went to appellant’s apartment with a friend and appellant took
pictures of her.  He put his hands on the inside of her thighs and asked her to
unbutton her pants.  Appellant also tried to lift her shirt and touched her
behind, under her clothing.  Chayene testified appellant told her not to tell
anyone what happened at the apartment because he would get in trouble.  Appellant
testified he did not do anything inappropriate to Chayene and denied telling
her not to say anything. 

Proof of a culpable mental state almost invariably depends
upon circumstantial evidence. Lee v. State, 21 S.W.3d 532, 539
(Tex.App.-Tyler 2000, pet. ref'd). A jury can infer knowledge from all the
circumstances, including the acts, conduct, and remarks of the accused and the
surrounding circumstances. Ortiz v. State, 930 S.W.2d 849, 852
(Tex.App.-Tyler 1996, no pet.); see also Dillon v. State, 574 S.W.2d 92,
94 (Tex.Crim.App.1978).   Although appellant denied having downloaded the
images, it was for the jury to determine his credibility and the weight to be
given his testimony.  See Brooks, 323 S.W.3d at 899.  From the circumstances,
a rational trier of fact could find appellant knowingly possessed child
pornography.

Accordingly, we find the evidence
sufficient to support appellant’s conviction and overrule issues two and three. 
The judgment of the trial court is affirmed.

 

                                                                        PER
CURIAM

 

Panel
consists of Justices Anderson, Seymore, and McCally.

Do not
publish - Tex. R. App. P.
47.2(b).

 

            









[1]
443 U.S. 307, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979).





[2]
Appeal No. 14-10-00138-CR (trial court cause no. 1168760) (State’s Exhibit 8); Appeal
No. 14-10-00140-CR (trial court cause no. 1205429) (State’s Exhibit 7); Appeal
No. 14-10-00143-CR (trial court cause no. 1205426) (State’s Exhibit 6); and Appeal
No. 14-10-00146-CR (trial court cause no. 1205423) (State’s Exhibit 2).

 

 





[3]
Appeal No. 14-10-00139-CR (trial court cause no. 1205430) (State’s Exhibit 4);
and Appeal No. 14-10-00142-CR (trial court cause no. 1205427) (State’s Exhibit
1).

 





[4]
Appeal No. 14-10-00141-CR (trial court cause no. 1205428) (State’s Exhibit 3);
and Appeal No. 14-10-00145-CR (trial court cause no. 11687761) (State’s Exhibit
5).

 





[5]
Appellant does not assert the children depicted are 18 years of age or older.





[6]
Appellant does not assert the children depicted are 18 years of age or older.





[7]
State’s Exhibit 3 is a photograph of a girl licking a man’s erect penis. 
State’s Exhibit 5 shows a girl with a man’s erect penis in her mouth.