

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00205-CR
_____

DANISH ALI, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 4
Denton County, Texas
Trial Court No. CR-2019-01342-D

Before Bassel, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I.  Introduction

A jury convicted Appellant Danish Ali of driving while intoxicated, and the trial court sentenced him to 300 days in jail, which was probated for eighteen months, and ordered him to pay an $800 fine.  Appellant's single point on appeal challenges whether a warrant used to obtain a blood draw from him to establish his blood-alcohol content was supported by a sworn probable-cause affidavit.  Appellant has failed to bring an adequate record to review this point because our record does not include the warrant exhibited to the trial court.  Further, the reporter's record consists of only ten pages of testimony from the officer who sought the warrant; the officer, in essence, stated that he did not recall the person who apparently notarized his affidavit.  That record fails to carry Appellant's burden to establish that the officer did not swear to the affidavit supporting the issuance of the warrant.  We therefore affirm the trial court's judgment.

## II.  We set forth the principles that guide us on whether Appellant preserved error, the standard of review that we apply, and Appellant's burden to establish that the warrant exhibited to the trial court was not properly sworn.

Appellant did not raise in his pretrial motion to suppress his complaint about the officer's failure to swear to the supporting affidavit, but Appellant did raise the issue during trial.  Raising the issue at trial was adequate to preserve for our review the question of whether the warrant was legally obtained.  *See Krause v. State*, 243 S.W.3d 95, 102 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("Appellant['s] counsel's

2

oral objection at trial was sufficient to preserve appellant's complaint on appeal that the trial court erred by denying his 'oral motion to suppress.'").

Appellant claims that for the results of the blood drawn pursuant to the warrant to be admissible, there "must be 'some' evidence [that] an oath was administered[] and [that] the officer knew he was swearing an oath to the affidavit's truthfulness by signing the jurat." It is unclear from this statement what standard of review Appellant relies on.

The applicable standard and the one that we apply is the bifurcated standard of review that traditionally applies to a trial court's ruling on a motion to suppress evidence. *State v. Martinez*, 570 S.W.3d 278, 281 (Tex. Crim. App. 2019). Because the trial judge is the sole trier of fact and judge of the witnesses' credibility and the weight to be given their testimony, *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007), we defer almost totally to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on evaluating credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor, *Martinez*, 570 S.W.3d at 281. In applying the standard, "[t]he prevailing party is afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from it." *Wade v. State*, 422 S.W.3d 661, 666–67 (Tex. Crim. App. 2013); *see also State v. Hodges*, 595 S.W.3d 303, 306 (Tex. App.—Amarillo 2020, pet. ref'd) (applying abuse-of-discretion standard to

question regarding whether affidavit supporting issuance of warrant was properly sworn).

Critical to the resolution of this appeal are the burdens of proof that apply in a motion to suppress when the State has shown that a warrant is in existence. Simply,

> "[o]nce the State shows that a valid search warrant is in existence at the time of the search[,] the burden of going forward is then on a defendant to prove that the affidavit is insufficient as a matter of law and to see that the search warrant and the affidavit are included in the record on appeal." *Ortega v. State*, 464 S.W.2d 876, 877 (Tex. Crim. App. 1971); *see Underwood v. State*, 967 S.W.2d 925, 927–28 (Tex. App.—Beaumont 1998, pet. ref'd); [*see also*] *Davidson v. State*, 249 S.W.3d 709, 717–18 (Tex. App.—Austin 2008, pet. ref'd) (it is defendant's burden to establish warrant's invalidity).

*Rudd v. State*, No. 06-13-00034-CR, 2013 WL 5866057, at *6 (Tex. App.—Texarkana Oct. 28, 2013, no pet.) (mem. op., not designated for publication) (footnote omitted).

The State meets its burden to establish the existence of a warrant by exhibiting the warrant to the trial court, and if the appellant wishes to challenge the validity of the warrant, it falls on him to include the warrant in the record. As the First Court of Appeals has noted,

> "When a defendant objects to the court admitting evidence on the ground that it was unlawfully seized and the State relies on a search warrant, in the absence of a waiver, reversible error will result unless the record reflects that the warrant was exhibited to the trial judge." *Cannady v. State*, 582 S.W.2d 467, 469 (Tex. Crim. App. [Panel Op.] 1979); *see Miller v. State*, 736 S.W.2d 643, 648 (Tex. Crim. App. 1987) . . . (holding that once warrant and supporting affidavit are produced by State and exhibited to trial court, it is the responsibility of the defendant to see that the warrant and the supporting affidavit are in the record if they are to be reviewed on appeal). "[I]f defense counsel desires a review of the search warrant and affidavit on appeal, it is necessary for him to offer for

4

the record on a bill of exception copies of the search warrant and of the affidavit." *Cannady*, 582 S.W.2d at 469.

*Boldon v. State*, No. 01-12-00486-CR, 2013 WL 5637031, at *7 (Tex. App.—Houston [1st Dist.] Oct. 15, 2013, pet. ref'd) (mem. op., not designated for publication).

### III. We set forth the affidavit requirement for a search warrant.

Obviously, "[b]y statute, an evidentiary search warrant may issue in Texas for the extraction of blood for forensic testing." *Clay v. State*, 391 S.W.3d 94, 97 (Tex. Crim. App. 2013) (citing Tex. Code Crim. Proc. Ann. art. 18.02(a)(10)). The Code of Criminal procedure establishes that a warrant may issue only if supported by a sworn affidavit:

> No search warrant shall issue for any purpose in this state unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance. A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested.

Tex. Code Crim. Proc. Ann. art. 18.01(b). The Court of Criminal Appeals has recently emphasized that the requirement of a sworn probable-cause affidavit supporting the issuance of a search warrant is critical. *See Wheeler v. State*, 616 S.W.3d 858, 863–65 (Tex. Crim. App. 2021). What is required to meet the sworn-affidavit requirement was set out as follows by the Amarillo Court of Appeals:

> According to our Court of Criminal Appeals in *Clay* . . . , "before a written statement in support of a search warrant will constitute a 'sworn affidavit,' the necessary oath must be administered 'before' a magistrate or other qualified officer." [391 S.W.3d] at 99. Such has been true "for the better part of a hundred years." *Id.* Implicit in the words "must be

5

administered" is the requirement that someone administer an oath before the writing becomes a valid "sworn affidavit."

*Hodges*, 595 S.W.3d at 305.

## IV. Appellant has failed to bring forward a record to support his claim of error, and the evidence he does cite would fail to carry his burden to prove that the officer failed to swear to the search-warrant affidavit.

Here, Appellant challenges whether the sworn-affidavit requirement was met. But the record does not include the warrant that Appellant challenges, even though the warrant was exhibited to the trial court, and it concluded that the warrant was sufficient on its face.[1] Further, Appellant designated only a partial record. *See* Tex. R. App. P. 34.6(c)(4) (stating that appellate court must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues). The entire reporter's record before us consists solely of a snippet of the officer's testimony recounting events that occurred over three years ago and highlights, at most, that he did not recall the person who apparently notarized his affidavit. This combination of facts dooms Appellant's point on appeal.

---

[1]Appellant filed a designation of record that included "[t]he affidavit of search warrant" and "[t]he search warrant." However, the reporter's record lists the exhibits introduced at trial, and that list includes neither the warrant nor the affidavit. Thus, we conclude that Appellant did not proffer either document when they were exhibited to the trial court. We also note that Appellant has not sought to supplement the record with any additional documents that he requested but were not included. From this as well, we conclude that neither document was made a part of the record.

We quote the officer's testimony that Appellant relies on to support his argument that the officer did not swear to the affidavit:

Q. So you go to do that. That involves you writing down a narrative of the things that you saw; that you believed warrant having this thing granted by a judge?

A. I have to make a PC [(probable-cause)] statement, yes, ma'am.

Q. Okay. And then once you finish it, what do you do with it?

A. Once I do a PC statement, I take that statement, I have to fill out a couple other forms, all those documents get faxed over to the judge who's on call. She or he then has to review it and make a determination if we have probable cause to make the arrest and to get blood.

Q. Okay. So do you have a copy by any chance of that warrant with you?

A. I do not.

Q. Who is Emmett Smith? Other than a Dallas Cowboy, who is Emmett Smith who has signed this warrant?

A. I don't have it in front of me, so I don't know.

Q. That wasn't fair of me to ask of you then.

[DEFENSE COUNSEL]: Judge, may I approach?

THE COURT: Yes, you may.

Q. (BY [DEFENSE COUNSEL]) Here's a copy.

A. Thank you. It looks like it's a notary.

Q. Okay. So how did that come to be on that piece of paper?

A. I do not know.

7

Q. Okay. Well, you said you drew it up, the paperwork, and you sent it to the judge. Is the judge there with you or somewhere else?

A. Again, . . . I send it by e-mail to him or her. At that point, it's a her. So I e-mailed her.

Q. So what was your interaction with Mr. Smith with regard[] to this warrant?

A. I don't even know who Mr. Smith is.

Q. Okay.

A. I think he might have worked for the jail. They have notaries in the jail. So that may be who that is, but I don't want to say because I don't know.

Q. Okay. Do you remember going over and speaking to Mr. Smith about this or having Mr. Smith look at this and asking you questions about it or say anything to Mr. Smith?

A. At this point, I don't. The only thing that I can maybe think of is there is a form that you have to get notarized and that may be[,] but I don't know.

Q. So as you sit here today, you're saying that you don't remember speaking with Mr. Smith, telling him, Mr. Smith, anything about this document?

A. Not off the top of my head, no, ma'am.[2]

After this testimony, the trial court heard the argument of counsel and then reviewed the warrant and stated, "All right. I agree with [the] State. I'm going to

---

[2]Appellant makes no suggestion, and the record contains no evidence, of malfeasance on the part of the officer. Indeed, the reporter's record contains defense counsel's statement, "I'm not accusing [the officer] of any sort of malfeasance . . . ." Moreover, as briefly noted above, much time had elapsed: the blood-draw warrant was obtained in July 2018, and the trial was held in December 2021.

allow it in. I believe . . . the form of it is valid on its face. I believe that we have that and it . . . , as the State previously stated, goes to weight not admissibility of it and the Court will allow it."

In the face of the record before us, Appellant's challenge regarding whether the search-warrant affidavit was sworn fails for the following reasons:

- The State met its burden of exhibiting a warrant to the trial court. The Appellant has not included the warrant in the appellate record. Thus, we are left without any means to determine whether the trial court was correct in its view that the warrant was valid on its face, and Appellant has failed in his burden to bring forward a record that enables us to review the trial court's determination. *See Boldon*, 2013 WL 5637031, at *7.

- Appellant's argument is based on his claim that the warrant's affidavit was not sworn. In the face of the exhibition of a valid warrant to the trial court, it was Appellant's burden to establish this fact. *See Rudd*, 2013 WL 5866057, at *6. Appellant failed to carry that burden. In the brief portion of the officer's testimony brought forward in the record on appeal, the officer was not asked whether he had sworn to the affidavit. Instead, a reasonable reading of the officer's testimony is that he did not recall Mr. Smith, though he thought that Mr. Smith was a notary at the jail. Thus, the strongest legitimate view of the record and the reasonable inference to draw from it is simply that the officer did not recall that Mr. Smith was the notary who had signed his affidavit—not that the officer had never sworn to the affidavit. *See Wade*, 422 S.W.3d at 666–67.

## V. Conclusion

Appellant tries to turn on its head his burden of proof to establish that the warrant displayed to the trial court was invalid. The reason he does so is apparent; he tries to switch the burden he carried—to show the affidavit was not sworn—into one where the State bore the burden to prove that it was sworn. This effort fails. The

9

trial court reviewed what it concluded was a valid warrant, and we have no means to review that conclusion. Even if we could, the testimony in the record before us does not even address the predicate to Appellant's claim of error—that the officer failed to swear to the affidavit relied on for issuance of the warrant. We overrule Appellant's sole point, and we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 30, 2022