NO. **1300-15**

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

ORIGINAL

RICHARD ALLAN GARD
Appellant/Petitioner

VS.

THE STATE OF TEXAS
Appellee/Respondent

---

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
IN APPEAL NO. 02-11-00087-CR
(Tex. App. 2nd District**Fort Worth)

---

RICHARD ALLAN GARD, Pro Se Appellant
DUNCAN UNIT--T.D.C.J. #1712695
1502 S. First St.
DIBOLL, TEXAS 75941

COURT OF CRIMINAL APPEALS
P.O. BOX 12308 CAPITAL STATION
AUSTIN, TEXAS 78711

FILED IN
COURT OF CRIMINAL APPEALS

CCT 01 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 29 2015

Abel Acosta, Clerk

Note: PER OPINION FROM HONORABLE COURT DELIVERED AUGUST 26, 2015
IN EX PARTE RICHARD ALLAN GARD
NO. WR-83-445-01
ENTITLEMENT TO FILE OUT OF TIME PETITION FOR DISCRETIONARY
REVIEW OF JUDGMENT PER 2nd COURT OF APPEALS NO. 02-11-00087-CR.

## TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . ii, iii

STATEMENT REGARDING ORAL ARGUMENTS . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . iv, v

STATEMENT OF PROCEDURAL. . . . . . . . . . . . . . . . . . . . . v

GROUNDS FOR REVIEW

    GROUND ONE SUBJECT MATTER:  Denying Motion To Suppress
      Preservation of Error, States Contention That Appellant
      Forfeited His Complaint About Excessive Force . . . . . 1

ARGUMENT CONCERNING GROUND ONE. . . . . . . . . . . . . . . . . 1-5

    GROUND TWO SUBJECT MATTER: Motion To Suppress Hearing,
      Search Warrant Not Being Introduced Into Evidence By
      The State.  Improper 4th Amendment Analysis.  Changing
      Findings of Fact. . . . . . . . . . . . . . . . . . . . 6

ARGUMENT CONCERNING GROUND TWO. . . . . . . . . . . . . . . . . 6-10

    GROUND THREE SUBJECT MATTER:  Motion To Suppress,
      Exception to the Warrant Requirement.  The Initial
      Burden of defense To Produce Proper Police Conduct.
      Shifting The Burden To The State To Establish Reasonableness
      Of Search and Seizure With A Proper 4th Amendment
      Analysis. . . . . . . . . . . . . . . . . . . . . . . . 10

ARGUMENT CONCERNING GROUND THREE . . . . . . . . . . . . . . . . 10-14

PRAYER FOR RELIEF

CERTIFICATE OF SERVICE

VERIFICATION

APPENDIX** 2nd COURT OF ~~CRIMINAL~~ APPEALS OPINION

## INDEX OF AUTHORITIES

ACOSTA V STATE, 862 S.W.2d 19, 21 (Tex.App.-Austin 1993)                      4

AMORES V STATE, 816 S.W.2d 407, 411 (Tex.Crim.App. 1991)                     11

ARIZONA V FULMINATE, 111 S.Ct. 1246, 1265 (1991)                              3

BAKOLAS, 462 N.Y.S.2d, 844, 849 N.E.2d at 738                                 4

BUCHANAN V STATE, 175 S.W.3d 868, 874-75 (Tex.App.-Texarkana 2005)           2

BURKE V STATE, 830 S.W.2d 922 (Tex.Crim.App. 1992)                          11

CANNADY V STATE, 582 S.W.2d 467 (Tex.Crim.App. Panel Op. 1979)              6

CLARK V STATE, 365 S.W.3d 333, 334 (Tex.Crim.App. 2012)                     1

COMER V STATE, 754 S.W.2d 656 (Tex.Crim.App. 1988)                          12

GORDON V STATE, 801 S.W.2d 899 (Tex.Crim.App. 1990)                         13

GUEVARA V STATE, 6 S.W.3d 759, 764 (Tex.App-Houston (1st) 1999)             12

HANDY V STATE, 189 S.W.3d 296 (Tex.Crim.App. 2006)                          6

HAYES V FLORIDA, 105 S.Ct. 1643 (1985)                                      11

LACKEY V STATE, 364 S.W.3d 837 (Tex.Crim.App. 2012)                          3

LOVILL V STATE, 319 S.W.3d 687, 691-92 (Tex.Crim.App. 2009)                  1

McQUAGGE, 787 F.Supp. 637 (1991) U.S. Dist. Lexis 19821                      11

MENDEZ V STATE, 138 S.W.3d 334, 339 (Tex.Crim.App. 2004)                     2

MOORE V STATE, 55 S.W.3d (Tex.App. [4th Dist.] San Antonio 2001)            11

RHODES V STATE, 945 S.W.2d 115, 117-18 (Tex.Crim.App. 1997)                 12

SCHMERDER V CALIFORNIA, 384 U.S. 757, 768 (1986)                            13

SMITH V STATE, 58 S.W.3d 784 (Tex.App. Houston [14th Dist] 2001)            5

STATE V CRISP, 74 S.W.3d 474 (Tex.App. Waco 2002)                           11

STATE V ELIAS, 339 S.W.3d 667 (Tex.Crim.App. 2011)                          7

STATE V SHEPPARD, 271 S.W.3d 281 (Tex.Crim.App. 2008                        7

TERRY V OHIO, 88 S.Ct. (1968)                                              11

TUCKER V STATE, 369 S.W.3d 179 (Tex.Crim.App. 2012)                         5

U.S. V MENDENHALL, 100 S.Ct. 1870 (1980)                                    11

VINES V STATE, 397 S.W.2d 868 (Tex.Crim.App. 1966**Lexis 1149)             6

WILSON V STATE, 311 S.W.3d 452 (Tex.Crim.App.) 2010                         3

WINKFIELD V STATE, 782 S.W.2d 727, 731 (Tex.App. Corpus Christi 1990)    1

ZILLENDER V STATE, 557 S.W.2d 515 (Tex.Crim.App. 1977)                     1

INDEX OF AUTHORITIES (Cont'd)

GEORGE DIX AND ROBERT O DAWSON, 40 Tex. Practice**Crim. Practice        13
    and Procedure 10.14 (2nd Ed. 2001) at 579


LAFAVE 1.4(e) at 118-120, 21 (3rd Ed. 1996)                              13

4th Amendment, U.S. Constitution

14th Amendment, U. S. Constitution

Tex. Constitution, Art. 1 and 9

T.C.C.P., Art. 14.01-06

T.C.C.P., Art. 28.01

T.R.APP.P., 33.1

NO._____

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS


RICHARD ALLAN GARD
                              Appellant/Petitioner

VS.


THE STATE OF TEXAS
                              Appellee/Respondent


## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

Appellant/Petitioner respectfully submits this Petition for
Discretionary Review and moves that this Honorable Court grant
review of this cause and offers the following in support thereof:

### STATEMENT REGARDING ORAL ARGUMENT

The Appellant/Petitioner requests oral argument in this case.
Oral arguments may help simplify the facts and clarify the issues.

### STATEMENT OF THE CASE

Appellant/Petioner was indicted for possession of Controlled
Substance W/Intent to Deliver 4-200 grams.  Appellant/Petitioner
oled Not Guilty. R.R.III-7.  Prior to trial, a hearing on Motion
To Suppress was held. R.R. II-6-42 and Vol. 1, Pg. 29, 34.  Appel-
lant/ Petitioner then submited a written request for findings of
fact and conclusions of Law, which was answered in writing.


(iv)

Trial by jury ensued with a guilty verdict. R.R. III-46. Resulting in punishment by Judge, 30 years, T.D.C.J. R.R. VI-47. Timely Notice of Appeal filed. R.R. I-67.

## STATEMENT OF PROCEDURAL HISTORY

In Cause No. 1184098-D, in the 396th District Court, Tarrant County, Texas the Appellant/Petitioner was tried. Honorable Judge George Gallagher officiated. Danny D. Burns was retained defense counsel. Judgment was entered on February 17, 2011. Appellant/ Petitioner did not testify. Appealed in 2nd Court of Appeals, Fort Worth, Texas, Cause No. 02-11-00087-CR, which was affirmed on August 30, 2012. Notice of No Intention to File Motion for Rehearing timely filed. Writ of Habeas Corpus 11.07, Cause No. C-396-010359-1184098-A, filed December 18, 2014, resulting in Court of Criminal Appeals of Texas No. Wr-83,445-01, EX PARTE RICHARD ALLAN GARD, Opinion delivered August 26, 2015.

## GROUND FOR REVIEW #1

Denying Motion To Suppress, Preservation of Error, States contention that Appellant forfeited His complaint about excessive force.

## FACTS CONCERNING THIS GROUND:

1)  Appellant did complain in written motion to suppress of illegal stop and illegal search of his person and car.

2)  Appellant did complain and argue in Motion To Suppress Hearing with Officer Ho about the amount of force used in arrest.

3)  Appellant did make the complaint as soon as grounds for it became apparent.

4)  Excessive force, unreasonable search, seizure is not a legal claim that is rarely urged.

5)  Appellant did invoke Federal and State constitutional provisions along with legal phrases to ensure trial court was informed of the particular complaints in Motion To Suppress Hearing, and were apparent in the context.

6)  The whole argument was pertaining to suppression of evidence at a hearing held specifically for suppression issues.

7)  There is no requirement for hyper-technical or formalistic use of words or phrases in order for an objection to preserve error.


## ARGUMENT CONCERNING GROUND # 1

In Winkfield v State, 782 S.W.2d 727-731 n.1 (Tex.App. Corpus Christi, 1990), "Court of Criminal Appeals can and should review preservation of error question(s)". In Clark v. State, 365 S.W.3d 333, 334 (Tex.Crim.App. 2012), citing Zillender v State, 557 S.W.2d 515 (Tex.Crim.App. 1977) "No talismanic words are needed to preserve error as long as court can understand from the context what the complaint is". Appeals court relys on Lovill v State, 319 S.W.3d 687, 691-92 (Tex.Crim.App. 2009) "While not always required in

(1)

order to preserve legal claim for appellate review, the complaining party should invoke the controlling federal and state constitutional provisions (or) use key legal phrases to ensure that the judge is informed of the particular complaint."

Appellant's Motion to Suppress did cite 4th Amendment and Tex. Const. Art. 1 and 9. Further, in the hearing on the motion, State reply brief acknowledges, (p. 5), "Defense counsel argued with Investigator Ho..." (State's Witness) about Appellant being forced to the ground at gun point, handcuffed, etc.--all of which was pertaining to suppression of evidence. The State clearly understood the argument, as did the trial court, that the whole purpose of the hearing was exclusively suppression. Defense exhibit #1, the video of stop and the actual police conduct in arresting Appellant as viewed on video and testified to by Officer Ho, were evidence that validated the complaint. All the above are in the records of Motion to Suppress hearing including specific legal phrases that the trial court understood. Lovill was a case that brought a rarely used element of the 4th Amendment. Apellant's case is an extremely common element, i. e. excessive force, improper police conduct, unreasonable search and seizure, scope of intrusion, all key elements of 4th Amendment analysis.

In Mendez v State, 138 S.W.3d 334, 339 (Tex.Crim.App. 2004) "...To preserve error claim for review, the Defendant must make a timely and specific objection, except for complaints involving fundamental constitutional systemic requirements..." See Buchanan v State, 175 S.W.3d 868, 874-75 (Tex. App--Texarkana 2005) "Even a general or imprecise objection will be sufficient to preserve error for appeal where the grounds for objection are obvious to the Court and opposing counsel". Appellant believes and argues that his complaint on appeal of excessive force was preserved for appeal in that it is a fundamental constitutional requirement for proper police conduct while making detention and arrest with

(2)

or without a warrant according to 4th Amendment and Tex. Const. Art. 1 and 9. See Arizona v Fulminate, 499 U.S. 279, 300-10, 111 S.Ct. 1246, 1265, 113 L. Ed. 302 (1991) and should not be considered forfeited.

In Lackey v State, 364 3d 837 (Tex.Crim.App. 2012) "...Preservation of error of issue for appeal is satisfied if: The party makes complaint as soon as grounds for it become apparent". Defense counsel requested video of arrest of Appellant three times in Discovery Motions in the time that elapsed before the hearing on Motion to Suppress was held. Each time defense was told no video existed or could not be located. Motion to Suppress was written and filed without full knowledge of the manner and physical force used. The vagueness and lean description in police report certainly did not describe "excessive force". It was not until the hearing when the video was finally produced and viewed that it became apparent that the excessive force, improper police conduct and the element of 4th Amendment reasonableness became an issue. The discussion at the hearing certainly alerted the Judge and opposing counsel as to the implied reason to suppress evidence for violation of constitutional requirements. The tape revealed the facts of the arrest that were not apparent when written motion was filed.

Further, See Wilson v State, 311 S.W.3d 452 (Tex.Crim.App. 2010), there are no meaningful distinctions between illegal search and seizure under U.S. and State Constitutional laws and the element of excessive force in effecting arrest for traffic violation contained within these constitutional rights. Illegal arrest and the fruits obtained by exploiting that arrest should have been suppressed and are both constitutionally systemic as well as statutorily systemic in both federal and state law. The facts presented at Motion to Suppress hearing and the plain language of 4th Amendment are easily understandable by

(3)

seasoned trial judges and attorneys. The facts should easily lead to the conclusion that narcotic officers violated the Appellant's 4th Amendment rights. Did the trial court abuse its discretion in not analyzing and applying a proper 4th Amendment analysis pertaining to the suppression of evidence? Did the Court of Appeals abuse their discretion for the same reasons and affirming Appellant's conviction with these issues unresolved by forfeiting Appellant's first ground on direct appeal?

The only justification to use physical force in arrest was: Appellant was slow to respond to officers' command to "get out of the car!" Yet, the video showed multiple officers giving conflicting commands of "Hands", "Hands!!" and "Get out of the car". Appellant complied to first commands of "Hands" and obeyed it because, to lower hands, put car in park, open door and then exit was impossible with hands raised. Appellant did not want to give officers the idea he might be doing something else and end up shot for non-compliance to command of "hands". State brief cited Acosta v State, 868 S.W.2d 19,21 (Tex.App. Austin 1993, No. Pet.) Acosta refused to show his hands on officers command to do so. Therefore he was removed from car, placed in handcuffs. Appellant's case is completely opposite in that testimony and video evidence both agree to the fact hands were raised and never lowered throughout the duration of stop and arrest.

Constitutionally, the term unreasonable requires no guessing as its meaning is a widely used and well understood word, especially when used in the 4th Amendment analysis. Unreasonable is an objective, reasonable man standard. See Bakolas, 462 N.Y.S.2d 844, 849 N.E.2d at 738. "Objective standards prevent broad discriminatory or subjective enforcement by police and provides sufficient notice of prohibited conduct for constitutional purposes". The fact that a complaint of constitutional violations was made to trial court and briefed to

(4)

Court of Appeals, it becomes apparent the complaint, however broadly construed is still properly before the Court for constitutional analysis.

Appellant's case is not a case of merely imagining some possible unconstitutional actions on part of police misconduct. The law is not vague in this and gives officers of ordinary intelligence reasonable opportunity to know the specific and objective criteria for determining proper as to improper police conduct in effecting arrest, and does not permit arbitrary or discrimnatory enforcement. Smith v State, 58 S.W.3d 784 (Tex.App.-Houston [14th Dist] 2001) at 793. "Here, there is no suggestion in the record that Appellant engaged in any behavior foretelling imminent danger that would require Bachmann to act immediately and forego conducting surveillance". This is also the case here; there was nothing in the record showing factors such as flight, furtive gestures, threats, resisting, commission of felony, intoxication, failure to identify. The facts that are in the record at Motion to Suppress hearing are: threatening presence of numerous officers, display of weapons, physically grabbing and moving Appellant with force out of car to the ground, handcuffing, tone of voice and demeanor of narcotic officers. The traffic stop escalated unreasonably and unnecessarily into unreasonableness and unreasonable use of force. The record reflects that the officers actions in this case did not comport with any commonly used traffic violation stops under "Terry". See Tucker v State, 369 S.W.3d 179 (Tex.Crim.App 2012) "If the video evidence does not support the trial court's conclusion, then the Court of Appeals should reverse". The excessive force issue raised on appeal is an issue that challenged trial court's refusal to consider evidence of 4th Amendment violations which are absolute, systemic and considered constitutional requirements.

(5)

## GROUND FOR REVIEW #2

Motion To Suppress Hearing, Search Warrant Not Being Introduced Into
Evidence by the State.  Improper 4th Amendment Analysis.  Changing
Findings of fact.

FACTS CONCERNING THIS GROUND:

1)  Trial Court's findings of fact from Motion to Suppress hearing
    clearly states: search warrant was not entered into evidence
    at Suppression Hearing by the State or the Defense.

2)  The Honorable Court of Criminal Appeals has held that when a
    Defendant objects to the trial court's admitting evidence on
    the ground that it was unlawfully seized and the State relies
    on a search warrant, in the absence of a waiver, reversible
    error will result, unless the record reflects that the warrant
    was exhibited to the trial judge for sufficiency review.

3)  Defense counsel did object in Motion to Suppress hearing to
    any mention of search warrant unless and until it was produced
    in Court.

4)  Trial Judge did reply stating he had heard nothing about a
    search warrant.

5)  By the objection and Judge's reply the State was put on notice
    if they wanted to rely on warrant, they needed to produce it FOR
    sufficiency review to trial judge.

6)  State did not do so at the hearing.

### ARGUMENT CONCERNING GROUND #2

In Handy v State, 189 S.W.3d 296 (Tex.Crim.App.2006) citing
Cannady v State, 582 S.W.2d 467 (Tex.Crim.App. Panel Op. 1979) and in Vines v
State, 397 S.W.2d 868 (Tex.Crim.App. 1966)LEXIS 1149, all agree that "Warrant
not entered, reversible error will result".  The Court of Appeals decided that
the warrant was recognized in the Motion to Suppress hearing and that there was
uncontradicted testimony that the warrant existed.  Yet, in the State's brief

(6)

they cite the record, RR. II-9, 40-41, which plainly reveals that the testimony was objected to and contradicted concerning warrant. Besides, the issue is that of the warrant being exhibited to trial judge for sufficiency review, not a mere mention of a possible document. State v Elias, 339 S.W.3d 667 (Tex.Crim.App.2011) "from Motion to Suppress findings and conclusions--assures that appellate resolution of suppression issues is based on reality of what happened at the trial level rather than appellate assumptions that may be entirely fictitious". Elias, at 676, "Findings of fact that the trial court did enter are those it deemed essential to its ruling..." See also: State v Sheppard, 271 S.W.3d 281 (Tex.Crim.App. 2008 [LEXIS] 1506] H.N. #2) "When a trial court makes explicit findings of fact, those are the facts to which an appellate court must give deference..." "The appellate court can not conjure up new and different factual or credibility findings when the trial court has made its finding explicit".

Trial court produced in writing his findings of fact, signed Oct. 19, 2010. Finding #10 explicitly states: "The search warrant that had been obtained on December 16, 2009 was not introduced into evidence by the State or the Defense". Further--narcotic officer Ho, in testifying at Suppression hearing stated that "they had obtained a search warrant..." Defense counsel objected to this testi- mony "to any mention of search warrant unless and until the warrant was produced in Court" (RR. 2, p.8-9) Trial court reply was "Okay, I didn't hear anything about a warrant, so..." The Appellate Court did not give deference to trial court's findings #10, but did conjure up new and factual findings on the issue of search warrant, stating in its opinion, "We can infer that the warrant was exhibited to trial judge, because it was attached to Appellant's Motion to Suppress".

Regardless, if the search warrant ended up among the court papers or was

accidently stapled to the back of Motion to Suppress by the clerk or even one of the attorneys (Defense Attorney denies doing that), it was at no time exhibited to the trial judge for sufficiency review. His own findings of fact proves he hadn't been shown the warrant at that time. Those facts don't change. Defense didn't claim warrant did not exist. Only that "unless and until it is produced in court", we refused to stipulate the warrant as properly before the court. Trial Judge's reply to objection clearly shows he agreed with defense. The State was put on notice by the objection and reply that if it wanted to use the search warrant to validate the stop, the arrest, and the search of Appellant and his car, they needed to produce it in Court for a sufficiency review to the trial judge himself.

The State chose not to do so throughout the suppression hearing. The Appeals Court cited T.C.C.P. Art. 28.01, but the trial court chose to hold a hearing on the motion, to hear first hand the issues, to review the evidence, to view the video, hear argument and to do a sufficiency review of any warrant if they were produced and entered into evidence. The hearing itself is a "fact" that can not be changed, as are the trial court's explicit findings of facts in writing from the hearing. Appeals court cited <u>Handy v State</u>, which is not dis-positive to Appellant's case. <u>Handy</u> had no "standing" to complain, so the Handy court ruled the warrant not being produced was not an issue. Appellant's case is not a case where "standing" is the issue. The facts remain the warrant was objected to, the trial judge replied "He had heard nothing about a search warrant, so ...." The trial judge's conclusion in written findings (Finding #10), explicitly states "The warrant was not entered into evidence by the State or the Defense.

Appellant argues that suppression issue should be decided by the Court of

(8)

Criminal Appeals with a proper 4th Amendment analysis concerning the warrant issue, the improper police conduct in effecting a traffic violation stop and investigation, illegal arrest, exploiting illegal arrest, excessive force in affecting the arrest with or without a search warrant, and a reasonableness evaluation of the seizure that actually took place. Even if the search warrant gave officers the right to detain, investigate and search Appellant and his car, it did not give them the right to arrest Appellant in the manner, with the force used before any investigation or search occurred. The warrant was not an "arrest" warrant. The word "arrest" was no where on the document. The warrant was not exhibited at the scene of the stop and arrest, was not exhibited nor seen on the video and was not produced for sufficiency review at the suppression hearing.

Constitutional requirements were not upheld in trial court's analysis and Court of Appeals approved and affirmed Appellant's conviction with those issues properly unresolved. Appeal Court states in their opinion, pg. 9, "...In the Court's finding of fact, the Court stated: "That a search warrant dated December 16, 2009 authorized the search..." They are referring to Finding #2, which actually referred to what the officer testified to before he was interrupted with the objection from Defense to "No mention of warrant until and unless it is produced in Court" and the Judge's reply, "Okay, I haven't heard anything about a warrant". Clearly the Judge had not heard or seen the warrant. Even over a month later when he published his written findings, his final findings on the warrant issue was Finding #10 "...was not entered into evidence by the State or the Defense". To imply that the Judge knew that the warrant contained all the necessary criteria to authorize the search would be impossible if he had not seen the actual document at that time nor heard validating testimony from the

(9)

issuing magistrate.  Finding #2 was in Appellant's view informational as to what was said, where Finding #10 was the Judge's conclusion on the warrant issue.

## GROUND FOR REVIEW #3

Motion To Suppress, Exception to the Warrant Requirement.  The Initial Burden of Defense to Produce Evidence That Rebuts Presumption of Proper Police Conduct. Shifting the Burden to the State To Establish Reasonableness of Search and Seizure With a Proper 4th Amendment Analysis.

FACTS CONCERNING THIS GROUND:

1)  Defense Exhibit #1, video of the arrest and search of Appellant and his car are irrefutable, visible, affirmative, material "evidence" of police conduct.

2)  Producing "evidence" that rebuts the presumption of proper police conduct is the plain language of the statute.

3)  Defense counsel did complain of 4th Amendment and Texas Constitution Art. 1 and 9 violations and did produce "evidence" of improper police conduct in video exhibit.

QUESTIONS:
1)  Was this a legal traffic violation arrest and investigation?

2)  Did trial court abuse its discretion in denying Motion to Suppress?

3)  Did 2nd Court of Appeals abuse its discretion by affirming conviction?

4)  Does Appeals Court decision conflict with other courts on this issue?

5)  Did Appeals Court possibly misconstrue T.C.C.P. Art. 28.01 and T.R.A.P. Rule 33.1 Of Preservation of Constitutional Errors?

6)  Did trial Court (and-or) Appeals Court Depart the accepted and usual course of complete proper 4th and 14th Amendment Constitutionally required analysis?

7)  Did Appeal Court engage in their own factual review and revise or ignore explicit findings from suppression hearing?

(10)

## ARGUMENT CONCERNING GROUND #3

Narcotic Officer Ho, testified at suppression hearing that he was on surveillance "investigating" a drug case and traffic violations suspect made within his view. The obvious fact and truth is that the initial contact between the officers involved and Appellant was an investigative detention, similar to Amores v State, 816 S.W.2d 407, 411 (Tex.Crim.App. 1991), Burke v State, 830 S.W.2d 922 (Tex.Crim.App. 1992), Moore v State, 55 S.W. 3d 652 (Tex.App. 4th Dist. [San Antonio] 2001)LEXIS 4776, State v Crisp, 74 S.W.3d 474 (Tex.App.-Waco 2002), U.S. v McQuagge, 787 F.Supp. 637 (1991) U.S.Dist. LEXIS 19821 and Hayes v Florida, 105 S.Ct. 1643, "At some point in the investigative process, police procedures can qualitatively and quantitatively be so intrusive with respect to suspects freedom of movement and privacy interest as to trigger the full protection of 4th and 14th amendments". All of these cases, like Appellant's case began with an initial stop to investigate traffic violations (and-or) other possible criminal behaviors which might or might not have actually been occurring. Yet, it was imperative in each Court's opinion to analyze the conduct of the officers involved for the possibility of flagrant abusive misconduct, whether it be a pretext for collateral objectives, unnecessarily intrusive, lacking "indica" of probable cause, or unreasonable in scope.

Appellant asks the Honorable Court of Criminal Appeals if the Court of Appeals erred in its analysis of these important constittutional questions and its analysis of T.C.C.P. Art. 14.01-06? Both, U.S. v Mendenhall, 100 S.Ct. 1870 (1980) and Terry v Ohio, 88 S.Ct. 1868 (1968) say "The obtrusive act is for the purpose of actually investigating, thus where no investigation is undertaken, the detention cannot be considered investigatory and rises to the level of

arrest". Officer Ho testified he did arrest Appellant for traffic violations. The question is: is this arrest legal under "Terry", when no investigative questions or other normal procedures were followed?

Appellant's case is not like Rhodes v State, 945 S.W.2d 115, 117-18 (Tex.Crim.App. 1997) involving a lone officer at night. Officer Ho testified at suppression hearing that "He did not observe Appellant throwing or dropping anything, that they did not see Appellant in possession of any contraband at anytime. Appellant's hands were raised, palms showing, nothing concealed, that no apparent felony was being committed". There was no threat to Officer's safety. Officer Ho was making these observations from a few feet away, looking down the barrel of his gun at point blank range. Appellant was surrounded in his car by multiple officers, all with guns drawn. Appellant's hands were raised in compliance with officers' commands of "Hands, Hands!" Appellant was not moving around, not fumbling for anything inside car. All of these things are plainly and clearly seen on defense Exhibit #1, Video of Arrest, and testified to by Officer Ho at suppression hearing. Appellant did not testify. At least 5 to 7 officers were at the scene directly involved. Officer Ho is the only one who showed up to testify at hearing as state witness.

In Guevarra v State, 6 S.W.3d 759, 764 (Tex.App. Houston [1st Dist.] 1999, pet. ref'd) "Patdown frisk unreasonable despite reasonable suspicion that defendant possessed cocaine because detention occurred in non-threatening circumstances. No evidence existed that defendant was armed and defendant was cooperative". (And) "An objectively reasonable police officer may not base a determination that his safety is in danger solely upon the basis that the suspect is a drug dealer". See also Comer v State, 754 S.W.2d 656 (Tex.Crim.App. 1988) "When illegal coduct of police lead to abandonment or cause defendant to

(12)

act as to give rise to probable cause then the search is illegal". See Gordon v State, 801 S.W.2d 899 (Tex.Crim.App. 1990) "Affiants mere conclusion a suspect has committed an offense is not sufficient to support a detention or determination of probable cause..." See also Schmerber v California, 384 U.S. 757, 768 (1966) "...The 4th Amendment function...against intrusions which are not justified in the circumstances or which are made in an improper manner".

Appellant argues and asks the Honorable Court of Criminal Appeals to please consider all these factors from all the above cases and do a proper 4th Amendment analysis of all the suppression issues in this case as put forth in this petition for Discretionary Review. Appellant believes trial court and 2nd Court of Appeals abused their discretion in denying Motion to Suppress after the hearing, and viewing of video evidence and by affirming Appellant's conviction with these constitutional requirements left unresolved. See LaFave Search and Seizure 1.4(e) at 118-120, 21 (3rd Ed. 1996) "The judicary concern under this analysis is not why the officers deviated from the usual practice in this case but simply that he did deviate. It is the fact of departure from the accepted way of handling such cases which makes officer's conduct arbitrary and it is the arbitrariness which in this context constitutes the 4th Amendment violation". See also George Dix and Robert O Dawson 40 Tex. Practice Crim. Practice and Proc. 10.14 (2nd Ed. 2001) at 579 "...Traffic stop to be labled "arrest" is not the sort of "custodial arrest" that subjects the person to the incidental search allowed by 4th Amendment Law".

Appellant argues that the video evidence should have been considered affirmative visual evidence that is material to the lawfullness of the challenged conduct of arresting officers, of the arrest itself, and in obtaining the evidence by exploiting the arrest. Affirmative links to evidence found on the

(13)

ground outside of car are questionable because the testimony as to when and by whom the evidence on the ground was found does not compart with the video. The evidence found at another location five blocks away from arrest of Appellant, which was occupied, and in control of by Sarah Stocker, who was at the time out on bond for possession of Meth. out of Irving, Texas Police Department. Officers tried to gain entrance using Appellant's keys but they would not open the door. Officers announced themselves and asked her to open the door and she refused. They forced entry and found a small amount of evidence inside. That evidence along with the evidence discovered on the street made up the majority of the evidence. Without them, the amount actually found inside Appellant's car was less than one gram. Approximately 1/2 gram. All of the substances were somehow mixed together in one evidence bag and submitted to Lab for testing. Officer Ho said he had custody of evidence but he did not mix the evidence together. The chemist said he received it like that. Officer Ho said he didn't know who mixed it together, leaving a question of chain of custody. Appellant believes it should have been suppressed, at least in part.

## PRAYER FOR RELIEF

For the reasons and questions stated above, it is respectfully submitted that the Honorable Court of Criminal Appeals of Texas please grant this Petition for Discretionary Review.

Respectfully submitted

Richard Allan Gard #1712695
Pro Se Appellant/Petitioner
Duncan Unit
1502 S. First St.
Diboll, Texas 75941

## CERTIFICATE OF SERVICE

This is to certify that true copies of above Petition for Discretionary Review have been mailed through pre-paid U.S. Postal Service to: The State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711-3406 and the Court of Criminal Appeals, P.O. Box 12308, Austin, Tx. 78711-2308, on this the 23rd day of September, 2015.

Richard Allan Gard
Appellant/Petitioner

## VERIFICATION OF UNSWORN DECLARATION

I, Richard Allan Gard swear under penalty of perjury that to the very best of my knowledge all the statements and facts herein are true and correct.

Signed September 23, 2015.

Richard Allan Gard

NO. 1184098D

| | | |
|---|---|---|
| THE STATE OF TEXAS | )( | IN THE DISTRICT COURT |
| | )( | |
| VS. | )( | TARRANT COUNTY, TEXAS |
| | )( | |
| RICHARD ALLAN GARD | )( | 396TH JUDICIAL DISTRICT |

## COURT'S FINDINGS OF FACT
## AND CONCLUSIONS OF LAW

Upon request of the Defendant, RICHARD ALLAN GARD, the Court enters the following findings of fact and conclusions of law:

Findings of Fact:

1. Officer Hung Ho was employed as a police officer assigned to the Tarrant County, Texas, narcotics unit on December 17, 2009.

2. Officer Ho, on December 16, 2009, had obtained a search warrant for a residence located at 2604 Hale Avenue, Fort Worth, Texas. Additionally, the search warrant authorized the search of a 1999 tan Chevrolet Blazer automobile with a license number of the vehicle listed in the search warrant.

3. On December 17, 2009, Officer Ho, while conducting surveillance of the residence at 2604 Hale Avenue, Fort Worth, Texas, observed the target vehicle, the 1999 Chevrolet Blazer automobile, approach the residence.

4. The vehicle drove past the residence and Officer Ho began following the vehicle.

5. Officer Ho, during the period that he was following the target vehicle, observed the vehicle commit three traffic violations, specifically, twice fail to signal a turn and failure to stop at a stop sign.

6. The target vehicle was stopped as a result of the three traffic violations and for being listed in the search warrant.

7. The defendant, RICHARD ALLAN GARD, was the driver and sole occupant of the vehicle.

8. The defendant, RICHARD ALLAN GARD, was removed from the vehicle, placed face down on the ground, and handcuffed.

9. Upon rolling the defendant, RICHARD ALLAN GARD, over and attempting to assist him to stand up, bags containing methamphetamine were seen on the ground directly underneath where the defendant had been laying.

10. The search warrant that had been obtained on December 16, 2009, was not introduced into evidence by the State or the Defense.

Conclusions of Law:

1. Officer Ho had reasonable suspicion to detain the defendant, RICHARD ALLAN GARD, as a result of the search warrant that was issued on December 16, 2009.

2. Officer Ho's had reasonable suspicion to detain the defendant, RICHARD ALLAN GARD, as a result of the commission of three traffic violations committed by the defendant, RICHARD ALLAN GARD, while driving the target vehicle described in the search warrant that had been obtained on the previous day.

3. The three traffic violations were offenses that could result in an arrest of the person.

4. Officer Ho was justified in the arrest of the defendant, RICHARD ALLAN GARD.

5. The narcotics that were discovered as a result of the arrest of the defendant, RICHARD ALLAN GARD, on the street directly underneath where the defendant, RICHARD ALLAN GARD, had been laying are admissible at trial.

SIGNED THIS 19th day of October, 2010.


*George Gallagher*

JUDGE PRESIDING



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00087-CR

RICHARD ALLAN GARD          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Richard Allan Gard appeals his conviction for possessing between four grams and two hundred grams of methamphetamine with intent to deliver.[2] In three points, appellant contends that the trial court erred by denying his motion to suppress evidence due to allegedly excessive force in his arrest,

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Health & Safety Code Ann. §§ 481.102(6), .112(a), (d) (West 2010).

that the trial court erred by denying his motion to suppress evidence because the search of his car was illegal, and that the evidence is insufficient to support his conviction. We affirm.

## Background Facts

In December 2009, Euless Police Department Officer Hung Ho obtained a search warrant for appellant's home and car. Several plain clothes officers, including Officer Ho, were stationed near appellant's home to wait for his arrival. The officers saw appellant drive toward his home and then continue past it. Officer Ho followed appellant in an unmarked police car and witnessed three traffic violations. Officer Ho then called marked patrol units to the scene to stop appellant. Appellant stopped his car, and Officer Ho approached him, commanding him to get out of the car. Because appellant did not immediately do so, Officer Ho pulled him from the car, put him on the ground on his stomach, and placed him in handcuffs. According to Officer Ho's testimony at trial, when officers rolled appellant onto his back, they found, where appellant's stomach had been, two baggies containing methamphetamine and three empty plastic baggies. Officer Ho testified that these items were not on the street before he put appellant on the ground.

The police searched appellant, finding a cell phone and $590. The police also searched appellant's car and found another plastic bag containing methamphetamine, a digital scale, and "some other various pills." The police

later searched appellant's home and found three more bags of methamphetamine.

A Tarrant County grand jury indicted appellant for possessing more than four grams but less than two hundred grams of methamphetamine with intent to deliver. Appellant pled not guilty. Before trial, appellant filed a motion to suppress evidence concerning items "seized from his person, the ground around him, and the motor vehicle . . . as such was obtained as a result of an illegal search . . . in violation of his rights."[3] Under a broad construction of the motion to suppress, appellant argued, among other assertions, that the search of his car was made without a warrant or another ground supporting the search. The trial court denied appellant's motion. After receiving evidence and arguments from the parties, the jury found appellant guilty. The trial court sentenced appellant to thirty years' confinement. Appellant brought this appeal.

## Preservation of Error

In his first point, appellant argues that the trial court erred by denying his motion to suppress because the police used excessive force while arresting him. The State contends that appellant forfeited his complaint about excessive force. We agree with the State.

---

[3]In the motion, appellant relied on federal and state law but did not contend that state law gave him greater rights than the federal constitutional provisions that he cited. Similarly, on appeal, although appellant cites federal and state provisions, he does not argue that we should analyze them distinctly.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g).

All a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it. *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992); *see Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). The objections made at trial, however, must comport with the error raised on appeal. *See Clark*, 365 S.W.3d at 339; *Camacho v. State*, 864 S.W.2d 524, 533 (Tex. Crim. App. 1993), *cert. denied*, 510 U.S. 1215 (1994); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).

Appellant argues in his first point that evidence should have been suppressed because the police used excessive force. However, appellant did

4

not urge this basis for excluding evidence in his written motion to suppress or in the hearing on that motion. Instead, in his written motion (as broadly construed), appellant contended that evidence should have been excluded because the police either illegally stopped his car or illegally searched his car. At the beginning of the hearing on appellant's motion, appellant's counsel conceded that the basis of the motion to suppress was that there was no justification for the police's stopping appellant's car. Appellant's counsel questioned Officer Ho about the amount of force used, but appellant never asserted excessive force as a ground for suppression and never connected this line of questioning to illegally obtained evidence.

As appellant never claimed in the trial court that evidence should have been excluded on the ground that the police used excessive force, he has forfeited that point on appeal. *See Clark*, 365 S.W.3d at 339 (explaining that "if a party fails to properly object to constitutional errors at trial, these errors can be forfeited"); *Camacho*, 864 S.W.2d at 533; *Rezac*, 782 S.W.2d at 870; *Hargrove v. State*, 162 S.W.3d 313, 324 (Tex. App.—Fort Worth 2005, pet. ref'd). We overrule appellant's first point.

## The Search of Appellant's Car

In his second point, appellant contends that the trial court erred by denying his motion to suppress evidence found in his car. Appellant argues that the search of his car was unauthorized in connection with his arrest under *Arizona v.*

5

*Gant*, 556 U.S. 332, 351, 129 S. Ct. 1710, 1723–24 (2009). In fact, in the argument portion of his second point, appellant relies only on *Gant*.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006).

When reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Wiede*, 214 S.W.3d at 24; *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *Kelly*, 204 S.W.3d at 818–19. We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id.* at 818. We must uphold the trial court's ruling if it is supported by the record and correct under any theory

6

of law applicable to the case even if the trial court gave the wrong reason for its ruling. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 974 (2004).

The Fourth Amendment protects against unreasonable searches and seizures by government officials. U.S. Const. amend. IV; *Wiede*, 214 S.W.3d at 24. To suppress evidence because of an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct. *Amador*, 221 S.W.3d at 672; *see Young v. State*, 283 S.W.3d 854, 872 (Tex. Crim. App.), *cert. denied*, 130 S. Ct. 1015 (2009). A defendant satisfies this burden by showing that a search and seizure occurred without a warrant. *Amador*, 221 S.W.3d at 672. Once the defendant makes this showing, the burden of proof shifts to the State, which is then required to establish that the search or seizure was conducted pursuant to a warrant or was otherwise reasonable. *Id.* at 672–73; *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005).

Appellant failed to meet his initial burden of rebutting the presumption of proper police conduct because he did not present evidence that the search of his car occurred without a warrant. *See Amador*, 221 S.W.3d at 672; *State v. Woodard*, 314 S.W.3d 86, 96 (Tex. App.—Fort Worth 2010) (stating that "a defendant must establish that (1) a search or seizure occurred (2) without a warrant"), *aff'd*, 341 S.W.3d 404 (Tex. Crim. App. 2011). In fact, appellant

7

established that there was a warrant by attaching a copy of it to his motion to suppress. The warrant, containing a signature from a magistrate and bearing the date of December 16, 2009, stated in part,

> Warrant to Search a particular place for a particular controlled substance, namely **METHAMPHETAMINE**, and seize evidence . . . relating to the . . . distribution of **METHAMPHETAMINE** . . . .
>
> . . . .
>
> Now therefore, you are commanded to enter the . . . vehicles described as:
>
> . . . .
>
> . . . **TAN 1999 CHEVROLET BLAZER BEARING TEXAS LP 992-TKN**[.]

During the suppression hearing, Officer Ho testified about an event that occurred on December 17, 2009 (the date of appellant's arrest). He explained that he had obtained a warrant the previous day to search a residence and to search "a 1999 tan Chevrolet Blazer," at which time the following exchange occurred between appellant's counsel and the trial court:

> [DEFENSE COUNSEL]: Objection, Your Honor, to, one, the witness reading from a document not in evidence, and we contest that there is a valid search or arrest warrant in this case, Your Honor, until it is produced in court.
>
> THE COURT: Okay. I didn't hear anything about a warrant.

Officer Ho then made several more references to the warrant without an objection from appellant. For example, when appellant's counsel asked Officer Ho whether the police's search of appellant's car was conducted incident to

8

appellant's arrest, Officer Ho testified, without objection, that the search occurred "[i]ncident to arrest and also it was included in [the] search warrant."

Appellant argues in his brief that the "search warrant was never introduced into the Motion to Suppress hearing and therefore . . . there [were] no grounds for searching the Blazer." It is true that the State did not present the warrant during the suppression hearing. The court of criminal appeals has held that when "a defendant objects to the [trial] court admitting evidence on the ground that it was unlawfully seized and the State relies on a search warrant, in the absence of a waiver, reversible error will result unless the record reflects that the warrant was exhibited to the trial judge." *Handy v. State*, 189 S.W.3d 296, 298 (Tex. Crim. App. 2006) (citing *Cannady v. State*, 582 S.W.2d 467, 469 (Tex. Crim. App. [Panel Op.] 1979)). In this case, we can infer that the warrant was "exhibited to the trial judge" because it was filed with the trial court through its attachment to appellant's motion to suppress,[4] the court held a hearing on that motion, and in the court's findings of facts, the court stated that a search warrant dated December 16, 2009 "authorized the search of a 1999 tan Chevrolet Blazer."

---

[4]A trial court may determine the merits of a motion to suppress on the contents of the motion itself. *See* Tex. Code Crim. Proc. Ann. art. 28.01, § 1(6) (West 2006); *see also Rodriguez v. State*, 844 S.W.2d 744, 745 (Tex. Crim. App. 1992) (indicating that courts of appeals should consider written motions to suppress and attachments to such motions in reviewing trial courts' rulings on the motions). The warrant that appellant attached to his motion belies his statements in the trial court that a warrant did not exist.

Furthermore, even if the warrant had not been exhibited to the trial judge, the court of criminal appeals has stated that "when the existence of the warrant is recognized in a motion to suppress and there is uncontradicted testimony that a warrant existed, . . . it is not necessary for the record to show that the warrant was exhibited to the court." *Ortega v. State*, 464 S.W.2d 876, 878 (Tex. Crim. App. 1971); *see also Bogany v. State*, Nos. 14-10-00138-CR, 14-10-00139-CR, 14-10-00140-CR, 14-10-00141-CR, 14-10-00142-CR, 14-10-00143-CR, 14-10-00145-CR, 14-10-00146-CR, 2011 WL 704359, at *1 (Tex. App.—Houston [14th Dist.] Mar. 1, 2011, pet. ref'd) (mem. op., not designated for publication) (citing *Ortega* for the same proposition). The rule in *Ortega* applies to the facts recited above; appellant recognized the existence of a warrant by attaching it to his motion to suppress, and Officer Ho testified, without contradiction (because he was the only witness at the suppression hearing), that the warrant existed and authorized the search of appellant's car.

Thus, we disagree with appellant that the officers' "only justification for the search of the Blazer was [his] arrest." Instead, we conclude that the trial court did not err by expressly finding that a warrant authorized the police's search of appellant's car. It is therefore immaterial whether any alternative grounds existed for a warrantless search under the search-incident-to-arrest exception (under *Gant*) or another exception to the warrant requirement, and we decline to address that issue. *See* Tex. R. App. P. 47.1; *State v. Holcombe*, 145 S.W.3d

246, 255 (Tex. App.—Fort Worth 2004), *aff'd*, 187 S.W.3d 496 (Tex. Crim. App.), *cert. denied*, 549 U.S. 824 (2006).

Because appellant filed a copy of the warrant that particularly authorized the search of his car and did not produce evidence that the search occurred without a warrant, we conclude that he failed to satisfy his initial burden of proof that the search occurred without a warrant, and we hold that the trial court did not err by overruling his motion to suppress to the extent that it challenged the legality of that search. *See Robinson*, 334 S.W.3d at 778–79; *Amador*, 221 S.W.3d at 672; *Romo v. State*, 315 S.W.3d 565, 572 (Tex. App.—Fort Worth 2010, pet. ref'd). We overrule appellant's second point.

### Evidentiary Sufficiency

In his third point, appellant argues that the evidence is insufficient to support his conviction. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638.

11

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).

Intent to deliver may be established through circumstantial evidence. *See Jordan v. State*, 139 S.W.3d 723, 726 (Tex. App.—Fort Worth 2004, no pet.). Furthermore, "intent to deliver is a question of fact for the jury to resolve, and it may be inferred from the acts, words, or conduct of the accused." *Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.). Testimony by experienced law enforcement officers may be used to establish a defendant's intent to deliver. *Robinson v. State*, 174 S.W.3d 320, 331 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). We may consider several factors in determining such intent, including the nature of the location where the defendant was arrested, the quantity of drugs the defendant possessed, the manner of packaging the drugs, the presence or absence of drug paraphernalia (for use or sale), whether the defendant possessed a large amount of cash in addition to the drugs, and the

12

defendant's status as a drug user. *Jones v. State*, 195 S.W.3d 279, 288 (Tex. App.—Fort Worth 2006) (op. on reh'g), *aff'd*, 235 S.W.3d 783 (Tex. Crim. App. 2007); *Jordan*, 139 S.W.3d at 726. "The number of factors present is not as important as the logical force the factors have in establishing the elements of the offense." *Moreno v. State*, 195 S.W.3d 321, 326 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (op. on reh'g).

Appellant contends that the amount of methamphetamine recovered by the police is inconsistent with intent to deliver. Appellant possessed more than five grams of methamphetamine when the police arrested him.[5] Officer Ho testified that five grams of methamphetamine is a significant amount, is worth at least $500, and, as such, is more consistent with dealing than using.

Furthermore, Officer Ho testified that other items that the police recovered from appellant are consistent with drug dealing. The methamphetamine recovered from appellant was found in small plastic baggies along with other empty plastic baggies. Officer Ho explained that small plastic baggies are commonly used by people who are dealing drugs and that drug users do not typically keep their drugs in multiple baggies. *See Rhodes v. State*, 913 S.W.2d 242, 246, 250–51 (Tex. App.—Fort Worth 1995) (relying on an officer's testimony that packaging drugs in multiple small baggies was inconsistent with personal drug use), *aff'd*, 945 S.W.2d 115 (Tex. Crim. App.), *cert. denied*, 522 U.S. 894

---

[5]The State called a forensic chemist to confirm that the substances that appellant possessed were methamphetamine.

(1997). Officer Ho also testified that a digital scale was recovered from appellant's car and that drug dealers normally use digital scales to weigh their drugs before selling them. Next, Officer Ho testified that appellant was arrested carrying $590, an amount consistent with drug dealing.[6] *See Elder v. State*, 100 S.W.3d 32, 34 (Tex. App.—Eastland 2002, pet. ref'd) (considering the defendant's possession of $596 as a fact supporting the jury's determination that the defendant intended to deliver cocaine). Finally, Officer Ho testified that he recovered two cell phones from appellant and that drug dealers typically use one phone for personal use and one phone for use in dealing drugs.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational factfinder could have found beyond a reasonable doubt that appellant intended to deliver methamphetamine. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638.

Along with challenging the sufficiency of the evidence to prove his intent to deliver, appellant contends that the evidence was insufficient to show that he possessed the methamphetamine that the police found on the ground close to him. However, Officer Ho testified that the drugs he found under appellant's

_____

[6]Appellant called a former employer who testified that he had paid appellant with cash in December 2009. This evidence could have raised a conflicting inference about the source of the $590 that appellant possessed upon his arrest. But in our evidentiary sufficiency review, we must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Isassi*, 330 S.W.3d at 638.

14

stomach were not on the street before he placed appellant on the ground. Also, the jury could have rationally considered that the items found in appellant's car (digital scales, more methamphetamine, and cell phones) comprised circumstantial evidence that the drugs found nearby appellant belonged to him. Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational factfinder could have found beyond a reasonable doubt that appellant possessed the methamphetamine that officers found near his body.

We conclude that the evidence is sufficient to support appellant's conviction. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638. We overrule appellant's third point.

## Conclusion

Having overruled each of appellant's points, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 30, 2012

15